FILED
United States Court of Appeals
Tenth Circuit

December 31, 2008

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

KENNETH WAYNE COOK,

      Defendant-Appellant.

No. 07-1487

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 07-CR-00170-DME)**

---

Matthew C. Golla, Assistant Federal Public Defender (Raymond P. Moore, Federal Public Defender and David E. Johnson, Writing and Research Attorney, with him on the briefs), Denver, Colorado, for Defendant-Appellant.

Michael C. Johnson, Assistant United States Attorney (Troy A. Eid, United States Attorney, with him on the brief), Denver, Colorado, for Plaintiff-Appellee.

---

Before **GORSUCH**, **MCKAY**, and **BALDOCK**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

Defendant Kenneth Wayne Cook, a convicted felon, pleaded guilty to possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In return, the Government dismissed another charge of possessing an unregistered sawed-off

shotgun, in violation of 26 U.S.C. §§ 5845(a)(1), (2), 5861(d). Defendant now appeals (1) the district court's decision to apply a four-level increase to his base offense level for felony menacing under the United States Sentencing Guideline § 2K2.1(b)(6), and (2) the adequacy of the district court's explanation for this enhancement under Federal Rule of Criminal Procedure 32(i)(3)(B). Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We affirm.

I.

Police arrested Defendant in March 2007, after receiving reports of an armed individual matching his description near East Colfax Avenue and Moline Street in Aurora, Colorado. Defendant fled from authorities, attempting to hide what was later discovered to be a black Remington .870 12-gauge sawed-off shotgun. The State of Colorado charged Defendant with several crimes, including two counts of felony menacing in violation of Colorado Revised Statutes § 18-3-206(1)(a).[1] At a preliminary hearing, a state-court judge found probable cause to believe these offenses occurred. Colorado authorities dismissed the state charges, however, after

---

[1] In relevant part, § 18-3-206(1)(a) provides:

A person commits the crime of menacing if, by any threat or physical action, he or she knowingly places or attempts to place another person in fear of imminent serious bodily injury. Menacing is a . . . class 5 felony if committed:
. . . By the use of a deadly weapon or any article used or fashioned in a manner to cause a person to reasonably believe that the article is a deadly weapon.

2

a federal grand jury issued a two-count indictment against Defendant.

Defendant pleaded guilty to being a felon in possession of a firearm, and the Government dismissed the remaining charge. The plea agreement noted that an "[a]dditional investigation indicated that the defendant may have previously pulled out the shotgun in the apartment of William Spurall . . . in the presence of Mr. Spurall and Desiree Smith," Defendant's aunt. Based on this conduct, the plea agreement observed that a four-level increase pursuant to U.S.S.G. § 2K2.1(b)(6) "may apply" because the sawed-off shotgun Defendant possessed "may have been possessed or used in connection with another felony offense." Defendant reserved the right to contest this adjustment and the allegations regarding his conduct with Mr. Spurall and Ms. Smith prior to his arrest.

The presentence report (PSR) recommended a four-level increase under § 2K2.1(b)(6) based on the state-court judge's finding of probable cause that Defendant committed felony menacing. Defendant filed a written objection to the PSR's recommended enhancement. At the sentencing hearing, the district court gave Defendant the opportunity to present evidence challenging the § 2K2.1(b)(6) enhancement. Instead of presenting evidence, Defendant argued the documents provided in response to his objections to the PSR were unreliable, and therefore did not prove he committed felony menacing by a preponderance of the evidence. After the Government declined to present additional evidence in response to Defendant's argument, the district court found "that the defendant used or possessed a firearm in

3

connection with another felony offense; felony menacing, and the [four]-level enhancement under [U.S.S.G. §] 2K2.1(b)(6) properly applies." The district court sentenced Defendant to 90 months imprisonment based on a Guidelines range of 84 to 105 months.

## II.

Defendant advances the same argument on appeal that he presented before the district court, i.e., that the Government did not demonstrate by a preponderance of the evidence that the four-level enhancement was appropriate. Further, Defendant contends that Rule 32(i)(3)(B) requires us to remand for the district court to explain more adequately the bases for its finding that Defendant committed felony menacing. We consider each issue in turn.

## A.

A challenge to the application of a sentencing enhancement tests the "procedural reasonableness" of a sentence, "which requires, among other things, a properly calculated Guidelines range." United States v. Smith, 534 F.3d 1211, 1226 (10th Cir. 2008). "[S]electing a sentence based on clearly erroneous facts" is a "procedural error," which amounts to an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007). Accordingly, "we review a district court's legal interpretation of the Guidelines de novo and its factual findings for clear error."

Smith, 534 F.3d at 1226.[2]

Although the Government was required to prove by a preponderance of the evidence any findings necessary to support the district court's enhancement for felony menacing, see United States v. Tindall, 519 F.3d 1057, 1063 (10th Cir. 2008), our review under the clearly erroneous standard is more deferential. See United States v. McClatchey, 316 F.3d 1122, 1128 (10th Cir. 2003). "To constitute clear error, we must be convinced that the sentencing court's finding is simply not plausible or permissible in light of the entire record on appeal, remembering that we are not free to substitute our judgment for that of the district judge." Id. We will not find clear error unless "our review of the entire record leaves us with the definite and firm conclusion that a mistake has been made." United States v. Ary, 518 F.3d 775, 787 (10th Cir. 2008).

The district court had before it the following documentary evidence supporting the enhancement: (1) the affidavit of Officer Christopher Cruser (the Cruser affidavit); (2) Officer Cruser's narrative remarks in a police report describing the events surrounding Defendant's arrest; and (3) a Bureau of Alcohol, Tobacco and Firearms Report of Investigation (the ATF report). Defendant contends these

---

[2] The Government originally contended we should review Defendant's challenge to the sufficiency of the evidence supporting the § 2K2.1(b)(6) enhancement for plain error only, but conceded at oral argument that this issue was adequately presented to the district court, and that clear error is the appropriate standard of review.

documents could not be considered for purposes of enhancing his sentence after Shepard v. United States, 544 U.S. 13 (2005).  In Shepard, the Supreme Court held that the "charging document," the "terms of a plea agreement," the "transcript of colloquy between judge and defendant," or "some comparable judicial record," is the permissible universe of evidence a court may consider in determining whether a guilty plea establishes a predicate offense for a sentencing enhancement under the Armed Career Criminal Act (ACCA).  Id. at 26; see also United States v. Romero-Hernandez, 505 F.3d 1082, 1085-86 (10th Cir. 2007) (explaining application of Shepard's "modified categorical approach" to sentencing enhancements).

Although Shepard may have some application to enhancements outside the ACCA where the Guidelines require a conviction as a predicate to a sentencing enhancement, we have never applied such a stringent requirement to warrant a sentencing enhancement that merely requires certain conduct.  See, e.g., United States v. Zuniga-Sota, 527 F.3d 1110, 1119-20 (10th Cir. 2008) (discussing Shepard in the context of determining whether a past conviction amounts to a "crime of violence" for purposes of U.S.S.G. § 2L1.2).  Here, § 2K2.1(b)(6) only requires certain conduct to warrant an enhancement.  See U.S.S.G. § 2K2.1(b)(6) ("If the defendant used or possessed any firearm or ammunition in connection with another felony offense . . . , increase by 4 levels.").  Shepard is simply inapplicable in this context.  Accordingly, we examine the contents of the documents to determine whether the district court clearly erred in finding they were sufficient to determine

6

Defendant committed felony menacing by a preponderance of the evidence.

The Cruser affidavit explains that Officer Cruser and fellow Officers Moody, McCleerey, and Spanos all participated in Defendant's arrest. After the group secured Defendant, Officers McCleerey and Spanos went to the address of the caller who reported Defendant to authorities. As it turned out, the caller was Defendant's aunt, Ms. Smith. The Cruser affidavit recounts that Officers McCleerey and Spanos questioned Mr. Spruell and Ms. Smith about Defendant's conduct in the apartment before his arrest. Ms. Smith said that Defendant had an argument with them, entered the apartment, and began to unload a shotgun. Mr. Spruell stated he told Defendant to "get that f*****g thing outta here." After Mr. Spruell made this statement, Defendant chambered a round, pointed the gun at him, and said, "I'm an OG."[3] Ms. Smith said she stepped in front of Defendant, pushed the gun into the air, and kicked Defendant out the open door into the apartment hallway. Defendant left, and Ms. Smith called the police. Officer Cruser's narrative remarks indicate that he telephoned Mr. Spruell after Officers McCleerey and Spanos interviewed him, confirming that Defendant pointed a loaded shotgun at Mr. Spruell. Finally, the ATF report, based on Aurora Police Department reports, recounts the essential details of this encounter, i.e., that Defendant pointed a loaded shotgun at Mr. Spruell.

While the due process clause protects a defendant's right not to be sentenced

---

[3] "OG" is most likely shorthand for "Original Gangster," a phrase coined by the artist Ice-T. See Ice-T, O.G. Original Gangster (Sire Records 1991).

on the basis of materially incorrect information, hearsay statements may be considered at sentencing if they bear "some minimal indicia of reliability." United States v. Browning, 61 F.3d 752, 755 (10th Cir. 1995).[4] Defendant contends that our decision in United States v. Fennell, 65 F.3d 812 (10th Cir. 1995) demonstrates the documents before the district court could not clear this low hurdle.

In Fennell, we held that the unsworn testimony of a girlfriend taken over the telephone by a probation officer lacked "the minimal indicia of reliability required" by the Guidelines to support a sentencing enhancement. Id. at 813. In so doing, we stressed that the officer interviewing the girlfriend "did not have an opportunity to observe her demeanor during the interview and therefore could not form any opinion as to her veracity." Id. Further, we concluded "no other evidence" corroborated the preparing officer's account. Id. At least three important differences are present here.

First, Officers McCleerey and Spanos had the opportunity to observe Ms.

---

[4] See also United States v. Gatewood, 370 F.3d 1055,1061 (10th Cir. 2004) (holding that in sentencing "hearsay may be considered as long as it bears some minimal indicia of reliability") vacated on other grounds by Gatewood v. United States, 543 U.S. 1109 (2005); United States v. Knox, 124 F.3d 1360, 1366 (10th Cir. 1997) (holding "evidence legitimately considered at sentencing . . . may include hearsay testimony containing only minimal indicia of reliability"); see generally U.S.S.G. § 6A1.3(a) (2007) ("In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.").

Smith's and Mr. Spruell's demeanor and form an opinion regarding their veracity. Second, two witnesses, Ms. Smith and Mr. Spruell, each corroborated that Defendant pointed a loaded shotgun at Mr. Spruell. Finally, Mr. Spruell's conversation with Officer Cruser over the telephone, while insufficient by itself to establish that Defendant committed felony menacing, was consistent with Mr. Spruell's and Ms. Smith's previous face-to-face account with the other two officers.[5] These differences are sufficient to vest some minimal confidence in the reliability of the hearsay statements before the district court. We hold that the district court did not clearly err in relying on them.[6]

B.

Next, we consider whether we must remand for a more thorough explanation of the district court's finding that Defendant committed felony menacing. Rule 32(i)(3)(B) requires a district court "for any disputed portion of the presentence report or other controverted matter" to "rule on the dispute or determine that a ruling

---

[5] We reject Defendant's argument that the Colorado felony menacing statute required Mr. Spruell to be placed in actual fear as an element of the offense—a detail that was apparently not revealed until Officer Cruser's telephone conversation with Mr. Spruell. See People v. Dist. Ct. of Colo. Seventeenth Judicial Dist., 926 P.2d 567, 571 (Colo. 1996) ("To establish that a defendant has committed the crime of menacing, it is not necessary to prove actual subjective fear on the part of the victim. Rather, it is only necessary that the defendant be aware that his conduct is practically certain to cause fear.") (citations omitted).

[6] Because we have determined that the district court could rely on the documents appended to the PSR in response to Defendant's objections, we need not consider whether the statements within the PSR itself concerning the Colorado State Court's probable cause finding were also sufficient.

9

is unnecessary" because it will not affect a defendant's sentence. The parties dispute the appropriate standard of review for an alleged Rule 32(i)(3)(B) violation. Defendant contends that we conduct a plenary review for compliance with the Federal Rules of Criminal Procedure. The Government counters that plain error should apply because Defendant failed to lodge a separate objection alleging noncompliance with Rule 32(i)(3)(B) after the district court found that he committed felony menacing.

In United States v. Williamson, 53 F.3d 1500, 1527 (10th Cir.1995), we applied plain-error review when a defendant neglected to make a separate objection at the sentencing hearing to the district court's failure to resolve factual objections to the PSR under Rule 32(i)(3)(B)'s predecessor.[7] As in Williamson, Defendant did not raise his dissatisfaction with the adequacy of the district court's explanation until this appeal. After the district court calculated the Guidelines range and gave Defendant an opportunity to be heard, the only mention of the enhancement for felony menacing that defense counsel made was the statement: "I know the Court . . . imposed a [four]-level enhancement, but I think that our objection, I still think was a legitimate objection." This statement clearly referenced defense counsel's previous argument concerning the sufficiency of the evidence, not the

---

[7] No substantive difference exists between the current version of Rule 32(i)(3)(B) and its prior iterations since 1994. See United States v. Cereceres-Zavala, 499 F.3d 1211, 1215 (10th Cir. 2007).

10

district court's explanation of its finding. Because the Supreme Court has not overruled Williamson and this circuit has not reconsidered it en banc, we are bound to follow it. See Tootle v. USDB Commandant, 390 F.3d 1280, 1283 (10th Cir. 2004).

Defendant's argument based on United States v. Atencio, 476 F.3d 1099, 1106-07 (10th Cir. 2007), overruled on other grounds by Irizarry v. United States, 128 S.Ct. 2198, 2201 n.1 (2008), that forfeiture of Rule 32(i)(3)(B)'s protections only occurs if a defendant fails to object to a disputed fact at the sentencing hearing, despite prior submission of a written objection, is unconvincing. Atencio did not purport to alter, or even cite to, Williamson.[8] We merely held in Atencio that a district court's adoption of blatantly contradictory facts in the PSR and addendum thereto constitutes plain error. See id. at 1107. Such is not the case here, as we have already explained, all the evidence before the district court tended to reinforce its finding that Defendant committed felony menacing. Accordingly, we apply plain error review.

Plain error "occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. Torres-Duenas, 461 F.3d 1178,

---

[8] Even if Atencio did stand for this proposition, we would be compelled to follow Williamson. See Haynes v. Williams, 88 F.3d 898, 900 n. 4 (10th Cir.1996) (holding that "when faced with an intra-circuit conflict, a panel should follow earlier, settled precedent over a subsequent deviation therefrom").

11

1180 (10th Cir. 2006) (quotations omitted). Assuming without deciding that (1) Defendant triggered the district court's fact-finding and explanatory duties by making a showing of "specific allegations of factual inaccuracy," see United States v. Rodriguez-Delma, 456 F.3d 1246, 1253 (10th Cir. 2006); and (2) the district court's finding that Defendant committed felony menacing fell so short of the required "ruling" under Rule 32(i)(3)(B) as to amount to plain error, we determine that Defendant's challenge fails on the third and fourth prongs of plain error review.

For an error to affect substantial rights, Defendant bears the burden of showing "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." United States v. Kaufman, 546 F.3d 1242, 1252 (10th Cir. 2008) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 75 (2004)). Because the record is sufficient for the district court to apply the four-level enhancement for felony menacing, Defendant cannot meet this burden. This is especially true here because the district court has nothing further to consider on remand, given that Defendant presented no evidence at sentencing. Remanding for the district court to merely state on the record that it relied on the documents appended to the PSR in response to Defendant's objection would waste judicial resources. Further, we conclude that where a district court explicitly makes a finding resolving a defendant's objection to the reliability of evidence at sentencing, and the court of appeals determines the record is sufficient to sustain the finding, no miscarriage of justice results due to a technical violation of Rule 32(i)(3)(B). See

12

Williamson, 53 F.3d at 1527 (holding that neglecting to object to district court's failure to make findings under Rule 32 "does not constitute the type of 'exceptional circumstance' to which [Federal] Rule [of Criminal Procedure] 52(b) applies"). Accordingly, we hold that the alleged error here would not "seriously affect the fairness, integrity, or public reputation of judicial proceedings." United States v. Trujillo-Terrazas, 405 F.3d 814, 818 (10th Cir. 2005).

AFFIRMED.