FILED
United States Court of Appeals
Tenth Circuit

June 9, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISMAEL DOMINGUEZ,

Defendant - Appellant.

No. 09-1462
(D. Ct. No. 1:08-CR-00519-REB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **CUDAHY**,[†] and **TACHA**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Ismael Dominguez pleaded guilty to possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) and possession of methamphetamine in violation of 18 U.S.C. § 841(a)(1) and (b)(1)(C). He was

_____

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[†]Honorable Richard D. Cudahy, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

sentenced to 92 months' imprisonment. Mr. Dominguez maintains his sentence is procedurally unreasonable because the district court improperly applied the offense level enhancement for possession of a firearm in connection with another felony under United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2K2.1(b)(6). He also alleges the district court failed to make specific findings at sentencing as required by Fed. R. Crim. P. 32. We have jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

## I. BACKGROUND

In early 2008, special agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") began investigating Mr. Dominguez after a confidential informant ("CI") informed them that Mr. Dominguez illegally possessed firearms. The CI subsequently arranged several meetings with Mr. Dominguez to discuss and purchase firearms and narcotics.

On April 25, 2008, the CI made a controlled purchase of 1.7 grams of methamphetamine from Mr. Dominguez in Evans, Colorado. Then, on May 7, the CI purchased a .41 caliber revolver from Mr. Dominguez while ATF special agents conducted electronic surveillance. During the May 7 sale, the CI asked Mr. Dominguez about purchasing more methamphetamine, and Mr. Dominguez responded that "real good stuff came in" but that it would take a while for him to get it.

On July 2, the CI and ATF Special Agent Mark Feltz traveled to an apartment complex parking lot to purchase another firearm and methamphetamine from Mr. Dominguez. Agent Feltz remained in the car while the CI joined Mr. Dominguez in

another vehicle.  The CI eventually rejoined Agent Feltz having purchased 1.4 grams of methamphetamine.  He also told Agent Feltz that Mr. Dominguez had a "strap" (i.e., a firearm) sitting next to him in the car.  Mr. Dominguez told the CI he was nervous about selling the firearm because a resident of the apartment complex was watching him.  Later, during Mr. Dominguez's sentencing hearing, the district court would hear testimony from another special agent who had discussed this transaction with the CI.

On January 2, 2009, Mr. Dominguez was charged in an eight-count superseding indictment with weapons and drug violations.  Pursuant to a plea agreement, Mr. Dominguez pleaded guilty to one count of being a felon in possession of a firearm (the May 7 transaction) and one count of possession with intent to distribute methamphetamine (the April 25 transaction); all other counts were dismissed.  The probation office prepared a Presentence Investigation Report ("PSR"), recommending a four-level increase in Mr. Dominguez's offense level pursuant to U.S.S.G. § 2K2.1(b)(6). The PSR author based the recommendation on the CI's report that he saw a firearm in Mr. Dominguez's possession during the July 2 purchase of methamphetamine[1] and on an alleged statement by Mr. Dominguez to the CI during the April 25 sale of drugs that he was "always armed."

Mr. Dominguez objected to the recommended four-level enhancement.  He did not dispute that he had the firearm with him on July 2, nor did he dispute that he told the CI

---

[1]Although Mr. Dominguez did not plead guilty to, and was not convicted of, the July 2 transaction, he does not dispute that it was properly considered by the district court during sentencing as "relevant conduct" under U.S.S.G. § 1B1.3.

he was "always armed." Rather, he argued that on July 2 he did not possess the firearm "in connection with" the sale of methamphetamine. He contended that he brought the weapon at the CI's request to barter its sale and that the firearm was not intended to facilitate the methamphetamine transaction.

At sentencing, the district court heard testimony from ATF Special Agent Shane Messner regarding the reliability of the CI and his statements to Agent Messner about the July 2 sale of drugs and the gun that Mr. Dominguez possessed at that time. Based on Agent Messner's testimony, the court overruled Mr. Dominguez's objection to the § 2K2.1(b)(6) enhancement, stating that "on July 2, 2008, the defendant possessed a .357 caliber revolver during and in connection with the drug-related felony offense." Ultimately, the district court sentenced Mr. Dominguez to 92 months' imprisonment.

Mr. Dominguez now appeals, contending that the district court improperly applied the four-level enhancement when calculating his sentence and failed to make findings as required under Fed. R. Crim. P. 32.

## II. DISCUSSION

A. <u>Enhancement for Firearm Possession in Connection with Another Felony</u>

On appeal, Mr. Dominguez argues that his sentence is procedurally unreasonable because the district court erred in increasing his base offense level pursuant to § 2K2.1(b)(6). A sentence is procedurally unreasonable if the district court improperly calculates the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). In determining whether the district court properly applied the challenged enhancement,

we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Todd*, 515 F.3d 1128, 1135 (10th Cir. 2008). "[I]n reviewing the court's decision to apply an enhancement, we view the evidence and inferences therefrom in the light most favorable to the district court's determination." *United States v. Beltran*, 571 F.3d 1013, 1020 (10th Cir. 2009) (quotations omitted).

A four-level enhancement is appropriate under § 2K2.1(b)(6) "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The commentary to § 2K2.1 clarifies the meaning of "in connection with."[2] Application Note 14 states that the enhancement applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." U.S.S.G. § 2K2.1 cmt. 14(A). Moreover, when the other felony offense is a drug offense, the provision applies if "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* cmt. 14(B); *see also United States v. Bunner*, 134 F.3d 1000, 1006 (10th Cir. 1998) ("[A] weapon's proximity to narcotics may be sufficient to provide the nexus necessary to enhance a defendant's sentence under § [2K2.1(b)(6)].").

Mr. Dominguez has never disputed that he was in possession of a firearm during the July 2 sale of methamphetamine. He contends, however, that he only had the gun because the CI had expressed an interest in purchasing it. Thus, Mr. Dominguez argues

---

[2]"Commentary that explains a guideline 'is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.'" *United States v. McClatchey*, 316 F.3d 1122, 1127 (10th Cir. 2003) (quoting *Stinson v. United States*, 508 U.S. 36, 38 (1993)).

that because "[t]he firearm was present only to be sold" it was "unrelated" to the drug sale and cannot form the basis of a § 2K2.1(b)(6) enhancement. We disagree. The fact that Mr. Dominguez was considering selling the firearm does not eliminate its potential to facilitate the sale of drugs. We have long recognized that firearms, particularly handguns, "are a widely recognized tool of the drug dealer[']s trade." *See, e.g.*, *Bunner*, 134 F.3d at 1006. Here, even if Mr. Dominguez intended to sell the firearm, it had the additional potential to provide him with protection for as long as he retained it. Application Note 14 clearly requires the four-level enhancement in such circumstances.

Under the circumstances of this case, we conclude the presence of the firearm during the sale of methamphetamine to the CI had, at a minimum, the potential to facilitate the drug trafficking offense. Accordingly, the district court properly applied the enhancement under § 2K2.1(b)(6) when calculating Mr. Dominguez's sentence.

B.      Rule 32 Findings

Mr. Dominguez also contends that the district court failed to make sufficient findings of fact as required by Fed. R. Crim. P. 32. Because Mr. Dominguez failed to raise this issue below, our review is for plain error. *United States v. Cook*, 550 F.3d 1292, 1297–98 (10th Cir. 2008). To satisfy plain-error review, Mr. Dominguez must show that "there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1298 (quotations omitted).

Rule 32 requires a district court to make specific findings concerning any factual

matters in the PSR which are disputed. Fed. R. Crim. P. 32(i)(3)(B); *see also United States v. Cereceres-Zavala*, 499 F.3d 1211, 1215–16 (10th Cir. 2007) ("[T]o invoke the district court's Rule 32 fact-finding obligation, the defendant is required to make specific allegations of factual inaccuracy."). "Arguments that challenge the district court's application of the guidelines to the facts and not the facts themselves do not trigger any obligation on the part of the district court to make specific findings." *United States v. Rodriguez-Delma*, 456 F.3d 1246, 1253 (10th Cir. 2006) (alterations and quotations omitted).

Although Mr. Dominguez objected to the application of § 2K2.1(b)(6) during sentencing, he did not contest the underlying facts supporting the enhancement. Indeed, on appeal Mr. Dominguez concedes that he had a gun in his possession during the July 2 sale of methamphetamine. As discussed above, Mr. Dominguez maintains only that the enhancement was wrongly applied because the gun was not being used "in connection with" the sale of methamphetamine but was present only to be sold. Because Mr. Dominguez challenged the application of the Guidelines to the facts rather than disputing the facts underlying such application, the district court was not required to make Rule 32 findings. Accordingly, Mr. Dominguez has not shown that the district court erred.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.


ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge