FILED
United States Court of Appeals
Tenth Circuit

August 20, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff–Appellee,

v.

NATHAN VALDEZ,

      Defendant–Appellant.

No. 10-1142
(D.C. No. 1:08-CR-00309-WYD-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **LUCERO**, Circuit Judges.

Nathan Valdez appeals his sentence, arguing that the district court abused its discretion by imposing a four-level sentencing enhancement pursuant to U.S.S.G. § 2B1.1(b)(2)(B). Exercising jurisdiction under 18 U.S.C. § 3742(a), and 28 U.S.C. § 1291, we affirm.

---

[*] The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

While serving as a postal employee, Valdez opened letters and removed their contents. He pled guilty to three counts of delay of mail in violation of 18 U.S.C. § 1703(a), and three counts of theft of mail matter by an employee in violation of § 1709. A Presentence Investigation Report ("PSR") calculated a base offense level of six, and added four levels under U.S.S.G. § 2B1.1(b)(2)(B) because the offense "involved 50 or more victims." Valdez objected to this enhancement. Following a sentencing hearing at which testimony was presented, the district court found that the four-level enhancement was appropriate and sentenced Valdez to a term of six months' home confinement and three years' probation. Valdez timely appealed.

Valdez contends that insufficient evidence supported the district court's finding that his crimes involved fifty or more victims. "When considering the calculation of a Guidelines sentencing range, we review legal questions de novo and we review any factual findings for clear error, giving due deference to the district court's application of the Guidelines to the facts." United States v. Gambino-Zavala, 539 F.3d 1221, 1227-28 (10th Cir. 2008) (quotation and alterations omitted). The government bears the burden of establishing facts at a sentencing hearing by a preponderance of the evidence. United States v. Cook, 550 F.3d 1292, 1295 (10th Cir. 2008). We will not reverse a district court's factual finding unless our "review of the entire record leaves us with the definite and firm conclusion that a mistake has been made." Id. (quotation omitted).

At the sentencing hearing, Misti Drager, a special agent with the U.S. Postal Service, testified about a report from Mike Hurley, a supervisor at the main Pueblo,

Colorado post office. Hurley reported to Drager that seventy-five to one hundred pieces of mail had been opened. Drager testified that her investigation verified Hurley's account. She also testified that video surveillance showed Valdez tampering with "at least 39 pieces" of mail. Drager admitted that she received fewer than fifty pieces of tampered mail from Hurley "because he forwarded on many of those pieces before he . . . started forwarding them to me." Further, only thirty-five opened pieces of mail were submitted into evidence. Nevertheless, Drager clarified that Valdez opened other pieces of mail beyond these thirty-five, and stated under oath that between the video surveillance, the letters provided by Hurley, and statements from letter carriers, Valdez opened "at least 75" pieces of mail.

Under our deferential clearly erroneous standard of review, this testimony is sufficient to support the district court's factual finding that Valdez opened at least fifty pieces of mail, and thus there were at least fifty victims. See U.S.S.G. § 2B1.1, app. n.4(C)(i) (intended recipient counts as a victim for Guidelines purposes). Valdez complains that some of Drager's testimony was not based on personal knowledge. But "hearsay statements may be considered at sentencing if they bear some minimal indicia of reliability." Cook, 550 F.3d at 1296 (quotation omitted). The statements from letter carriers relayed by Drager clear "this low hurdle." Id. Drager verified that Valdez sorted the pieces of mail that letter carriers reported as opened. Further, a hidden video camera recorded Valdez opening mail, behavior consistent with the carriers' reports.

Finally, Valdez appears to argue in conclusory fashion that the district court

abused its discretion in denying a motion for a downward variance. However, Valdez does not advance any reasoned argument in support of this contention in his opening brief; he simply asserts that the court could have considered a lesser term of probation "given the factors under § 3553(a)." Valdez has accordingly waived this argument. See Bronson v. Swensen, 500 F.3d 1099, 1105 (10th Cir. 2007) ("[C]ursory statements, without supporting analysis and case law, fail to constitute the kind of briefing that is necessary to avoid application of the forfeiture doctrine.").

For the foregoing reasons, we **AFFFIRM**.

Entered for the Court


Carlos F. Lucero
Circuit Judge