**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4838**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

DAVID ANDREW BYRD, a/k/a Mecca,

                Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.   James A. Beaty,
Jr., Chief District Judge.  (1:09-cr-00408-JAB-1)

Submitted:  April 14, 2011          Decided:  April 27, 2011

Before SHEDD, AGEE, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Heather Golias, LAW OFFICE OF HEATHER GOLIAS, New Haven,
Connecticut, for Appellant. Ripley Rand, United States Attorney,
Michael F. Joseph, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Andrew Byrd pleaded guilty to possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a) (2006), and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (2006). The district court sentenced Byrd to a total of 262 months of imprisonment, and Byrd now appeals. For the reasons that follow, we affirm.

Byrd first argues that the district court failed to comply with Fed. R. Crim. P. 32(i)(3)(B) by failing to rule on alleged objections Byrd asserted to the factual findings and to his prior convictions used as a basis for imposition of the career offender Guidelines in the presentence report ("PSR"). As Byrd failed to raise an objection based on Rule 32 at sentencing, we review this issue for plain error. See Puckett v. United States, ___ U.S. ___, ___, 129 S. Ct. 1423, 1428-29 (2009); see also United States v. Cook, 550 F.3d 1292, 1297-98 (10th Cir. 2008) (stating that plain-error review applies where a defendant fails to make a Rule 32(i)(3)(B) objection in the district court). To prevail under this standard, Byrd must establish that a clear or obvious error by the district court affected his substantial rights. Puckett, 129 S. Ct. at 1429. An error affects a defendant's substantial rights "if the error affect[s] the outcome of the district court proceedings."

2

*United States v. Knight*, 606 F.3d 171, 178 (4th Cir. 2010) (internal quotation marks omitted). To satisfy this requirement in the sentencing context, Byrd "must show that he would have received a lower sentence had the error not occurred." *Id.*

Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure requires a district court "-for any disputed portion of the presentence report or other controverted matter-[to] rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B); see *United States v. Morgan*, 942 F.2d 243, 245 (4th Cir. 1991) (Rule 32 "clearly requires the district court to make a finding with respect to each objection a defendant raises to facts contained in the [PSR] before it may rely on the disputed fact in sentencing."). The purpose of the rule "is to ensure that a record is made as to how the district court ruled on any alleged inaccuracy in the PSR." *United States v. Walker*, 29 F.3d 908, 911 (4th Cir. 1994). We have concluded, however, that a district court "need not articulate [findings] as to disputed factual allegations with minute specificity." *United States v. Bolden*, 325 F.3d 471, 497 (4th Cir. 2003) (internal quotation marks and citation omitted).

Moreover, the district court may make the required finding by "expressly adopt[ing] the recommended findings

contained in the presentence report." Morgan, 942 F.2d at 245 (citations omitted). The court may adopt "the PSR's findings in toto" if "the context of the ruling makes clear that the district court intended [by the adoption] to rule on each of the alleged factual inaccuracies." Walker, 29 F.3d at 911 (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the district court did not commit plain error.

Byrd next argues that the sentence is procedurally and substantively unreasonable. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). In so doing, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [(2006)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence . . . ." Gall, 552 U.S. at 51. We then "'consider the substantive reasonableness of the sentence imposed.'" United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 51). If the sentence is within the Guidelines range, we apply a presumption of reasonableness.

4

<u>Rita v. United States</u>, 551 U.S. 338, 346-59 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Our review of the record leads us to conclude that the sentence is procedurally and substantively reasonable. The court properly calculated the advisory Guidelines range, considered the Guidelines along with the statutory sentencing factors, and explained the sentence. See <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009) (district court must conduct an "individualized assessment" of the particular facts of every sentence, whether the court imposes a sentence above, below, or within the guidelines range). In addition, we conclude that Byrd has failed to overcome the presumption of reasonableness we accord his within-Guidelines sentence.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>