**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 22, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

RAFAEL CARMONA-MORENO,

    Defendant-Appellee.

No. 10-5163
(D.C. No. 4:10-CR-00082-JHP-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **EBEL** and **GORSUCH**, Circuit Judges.

---

Rafael Carmona-Moreno pled guilty to one count of illegal reentry after

deportation, in violation of 8 U.S.C. § 1326 (a) and (b)(2). The district court sentenced

Carmona-Moreno to fifty-seven months' imprisonment. On appeal, Carmona-Moreno's

counsel filed an Anders brief and a motion to withdraw as counsel. See Anders v.

California, 386 U.S. 738, 744 (1967). This Court provided Carmona-Moreno with copies

---

    * After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

of the <u>Anders</u> brief and a letter advising him that he could file a pro se brief.  While

Carmona-Moreno filed a letter requesting new counsel, he did not file a pro se brief.

Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we grant counsel's motion to

withdraw and dismiss the appeal.

## BACKGROUND

During his plea colloquy in this case, Carmona-Moreno explained that he was

legally deported from the United States following a drug conviction in Houston, Texas, in

1999.  In 2002, Carmona-Moreno returned to Houston, Texas, where he lived until 2004

when he was arrested on state drug charges in Oklahoma City.  On May 9, 2007, while

Carmona-Moreno was serving time in an Oklahoma state prison, he was identified as an

alien.  Thus, upon his release from state prison in 2010, he was arrested on federal

charges of illegal reentry.

On June 9, 2010, a federal grand jury indicted Carmona-Moreno with one count of

illegal reentry after deportation, in violation of 8 U.S.C. § 1326 (a) and (b)(2).

Eventually, Carmona-Morena pled guilty to this charge, and the probation office prepared

a presentence investigation report (PSR).  Carmona-Moreno filed several objections to

the PSR addressing his detention and release status.  The probation office then issued a

revised PSR, which corrected the previous inconsistencies in Carmona-Moreno's

detention and release status and addressed his objections.

On November 22, 2010, the district court held a sentencing hearing.  The district

court noted that there were no objections pending, and neither Carmona-Moreno nor his

counsel objected to or disagreed with that statement. The district court continued to address Carmona-Morena's motion for a variance and then sentenced him to fifty-seven months' imprisonment. Carmona-Morena filed a timely notice of appeal.

**DISCUSSION**

In Anders, the Supreme Court held that if appointed counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to the court a brief "referring to anything in the record that might arguably support the appeal." Id. When counsel submits an Anders brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). If we concur in counsel's evaluation of the case, we may grant the request to withdraw and dismiss the appeal. Anders, 386 U.S. at 744.

The only arguable basis for appeal identified by Carmona-Moreno's counsel is that the district court failed to recognize and rule upon objections to the PSR prior to announcing its sentence. Because Carmona-Morena failed to object to the district court's failure to resolve an objection to the PSR, we review only for plain error. United States v. Cook, 550 F.3d 1292, 1297–98 (10th Cir. 2008). "To show . . . plain error, a defendant must show (1) error that (2) is plain which (3) affected his substantial rights and (4) seriously affected the fairness, integrity or public reputation of judicial proceedings." United States v. Cano-Varela, 497 F.3d 1122, 1131 (10th Cir. 2007).

3

Carmona-Moreno's counsel concedes that the revised PSR made the objections to the original PSR moot, and we agree. Therefore, we conclude that Carmona-Moreno cannot establish that any error affected his substantial rights. Thus, the error identified by Carmona-Moreno's counsel is frivolous.

## CONCLUSION

Upon a full examination of the record as required by Anders, we find no nonfrivolous basis for Carmona-Moreno to challenge his conviction or sentence. Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

4