ORDER AND JUDGMENT*
TIMOTHY M. TYMKOVICH, Circuit Judge.
Kim Lyle Cox was sentenced to 71 months’ imprisonment and 36 months’ supervised release after pleading guilty to firearms charges. On appeal, Cox claims the sentencing court clearly erred in enhancing his sentence after finding he possessed a stolen gun. We conclude the government introduced sufficient evidence for the court to infer Cox’s gun was stolen and AFFIRM the district court’s sentence.
*693 I. Background
Cox was arrested in Utah on January 12, 2010 on charges arising from a state offense. While in custody, Cox called his girlfriend and directed her to dispose of a gun hidden in his car. After retrieving the gun, the girlfriend took it to her parents, asking them to discard it. Her parents kept the gun.
A month later, the Utah County Sheriffs Office received an anonymous tip that a gun at the girlfriend’s parents’ residence might have been involved in homicides and that Cox might have information about the homicides. Also, Cox was released the same day. A week later, police acted on the tip and went to the parents’ home. They confiscated a 9mm Glock handgun with the serial number DDX629US. One of the three serial numbers on the gun was scratched out.
Police later arrested Cox and charged him with possession of a firearm by a felon. Cox pleaded guilty to this charge.
Cox’s presentence report (PSR) recommended a four-level increase in his offense level pursuant to United States Sentencing Guideline (USSG) § 2K2.1(b)(4)(B) because the Glock had an obliterated serial number. Cox objected to this increase on the grounds that only one of the gun’s three serial numbers was scratched off. The sentencing court agreed this increase was not warranted. The court nonetheless found the government’s evidence sufficient to establish that Cox’s gun was stolen. The court then increased Cox’s offense level by two under USSG § 2K2.1(b)(4)(A). The court sentenced Cox to 71 months’ imprisonment and 36 months’ supervised release.
II. Discussion
We review the district court’s factual findings, including findings related to application of the sentencing guidelines, for clear error. United States v. Graham, 413 F.3d 1211, 1218 (10th Cir.2005). We will not disturb the district court’s findings of fact unless they have no support in the record. United States v. Mozee, 405 F.3d 1082, 1088 (10th Cir.2005) (internal citation omitted). When reviewing the district court’s findings, we should view the evidence and any “inferences therefrom in the light most favorable to the district court’s determination.” Id. (internal quotation omitted). At sentencing, the court is entitled to make findings based on a preponderance of the evidence. United States v. Magallanez, 408 F.3d 672, 684 (10th Cir.2005).
In a case like this the court must draw inferences from circumstantial evidence. But the inferences must be reasonable, meaning they must flow from the facts in evidence based on logical or probabilistic reasoning. United States v. Summers, 414 F.3d 1287, 1295 (10th Cir.2005). An inference is permissible so long as it is reasonable, even if the inference is not required by the evidence and is not the one that the reviewing court, if it were the trier of fact, would make. See United States v. Phillips, 543 F.3d 1197, 1210 (10th Cir.2008). Inferences are unreasonable when they require “a degree of speculation and conjecture that renders [them] a guess or mere possibility.” United States v. Bowen, 527 F.3d 1065, 1076 (10th Cir.2008) (internal quotation omitted).
Cox contends the court erred in reviewing the evidence. He claims no reasonable jurist could conclude from the evidence presented that his gun was stolen; the gun’s status was merely a possibility or guess. We disagree.
At Cox’s sentencing, the government introduced several pieces of evidence and testimony to prove his gun was stolen: (1) a bill of sale showing the 9mm Glock hand *694 gun with the serial number DDX629US that ended up in Cox’s possession was purchased by Dennis White in 1999; (2) a police report showing a gun matching this description was stolen from the home of Dennis’s son Greg in 2006, although it did not provide the gun’s serial number; and (3) a police report stating that police detectives in Laramie, Wyoming, had learned that Cox had a gun that was stolen from Greg White and that the White burglary happened at a time when Cox was White’s neighbor.[1] The government claims this evidence, taken as a whole, shows that Dennis White’s 9mm Glock handgun was stolen from his son, Greg, in 2006, and made its way to Cox, who then possessed it until his girlfriend gave it to her parents.
Cox told his arresting officers a different story of the gun’s provenance. He claimed to have purchased the gun approximately 7 years before his arrest. He claims he bought it from a stranger in a Salt Lake City gas station parking lot for $100. Cox admits that at the time of the purchase, when he asked the seller whether the gun was “hot,” the seller replied, “Probably.” R., Vol. III at 6. Cox’s account conflicts with the government’s evidence in that, if believed, it shows he obtained the gun before Greg White was burglarized, so the gun could not have come from the Whites.
Before the district court and on appeal, Cox argues this evidence does not establish his gun was stolen because it does not eliminate the possibility that Greg White had another 9mm Glock pistol stolen from him, as opposed to the 9mm Glock owned by his father and then Cox. Cox may be correct that the government’s evidence does not require the inference that his gun was stolen from the Whites, but the evidence nonetheless permits this inference.
First, Cox is simply incorrect that none of the government’s evidence goes to whether his gun was stolen. The government may not have introduced any direct evidence of this fact, but it introduced several pieces of circumstantial evidence tending to show this. This includes the evidence discussed above, as well as Cox’s attorney’s admission at sentencing that Dennis White transferred his Glock to his son, Greg. Cox denies his attorney made such an admission, claiming he merely declined to dispute the contents of Cox’s PSR, but the transcript of the sentencing hearing shows that he did.[2] The sentenc *695 ing court was entitled to rely on this representation. See United States v. Ventura-Perez, 666 F.3d 670, 676 (10th Cir.2012) (“Courts could not function properly if concessions by counsel cannot be relied upon.”).
This evidence together created a reasonable probability that the 9mm Glock Greg White reported as stolen was the same 9mm Glock that belonged to Dennis White. Phillips, 543 F.Sd at 1210. Cox claims an inference is permissible only if strictly logical, pointing out that correlation is not causation and citing United States v. Jones, 49 F.3d 628, 632 (10th Cir.1995). He says the inferences here rely on the logical fallacy of post hoc ergo propter hoc, in which a temporal connection between events — in this case, his possession of the Glock after Greg White’s robbery — is erroneously assumed to be a causal connection. He asserts this moves the inference into the realm of speculation, making it unreasonable.
Cox may be correct that the government’s evidence does not require us to deduce his gun was stolen, but the reasonableness of a permissive inference is not based solely on deductive reasoning. As we stated in Summers, an inference is also permissible if the evidence establishes a reasonable probability it is true. 414 F.3d at 1295; see also Phillips, 543 F.3d at 1210.[3]
The chain of logic establishing that Cox’s gun was stolen is as follows: Dennis White bought the Glock, Dennis White gave the Glock to Greg White, someone stole a gun matching the Glock’s description from Greg White, and Cox was later found in possession of the Glock. The only missing link is conclusive proof that the stolen gun was this same Glock, and not, as Cox argues, an identical gun Greg White possessed in addition to his father’s gun. The evidence tends to make the former explanation more likely than the latter.
While the dissent is correct that the government did not prove Greg White possessed only one 9mm Glock, the burglary evidence does not exist in a vacuum. The government’s evidence also showed that Greg’s father, Dennis, purchased the Glock, and that Cox was later found in possession of it. When asked to explain how he got the gun, Cox gave an unconvincing account that frankly supports the inference that the gun was stolen.
We have held that unexplained possession of stolen property supports the inference that the possessor knew the property was stolen and actually stole the property himself. See United States v. Luman, 624 F.2d 152, 155 (10th Cir.1980). This does *696 not exactly describe the situation here, but it is similar enough to support a similar inference. Cox explained his possession of a gun that the evidence suggested was stolen by stating he bought it from a stranger in a gas station parking lot who told him it was probably stolen.[4] Taken in conjunction with the other evidence, this makes it more likely than not that the gun was stolen, regardless of whether Greg White had a hypothetical second Glock.
The Eighth Circuit’s decision in United, States v. Bates supports this analysis. 584 F.3d 1105 (8th Cir.2009). In Bates, the Eighth Circuit affirmed the district court’s finding at sentencing that the defendant’s gun was stolen based on the former owner’s testimony that he probably left the gun at a bar. Id. at 1107-08. He also admitted his girlfriend might have taken the gun, though she denied this. Id. The former owner never reported the gun stolen, and there was no evidence as to who took the gun or how, but the court held that the evidence was sufficient to support the inference that whoever took the gun did not have the owner’s permission and intended to deprive him of ownership. Id.
The evidence here is stronger: a gun matching the description of Cox’s weapon was reported stolen from the former owner’s son who, as Cox’s attorney admitted, received the gun from his father. This certainly permits the inference that the stolen gun was the same gun once owned by Dennis White and later found in Cox’s possession, even though the evidence does not require this inference. Given that this inference is permissible, we are bound to draw it in the district court’s favor. Moz-ee, 405 F.3d at 1088.
Because the underlying circumstantial evidence and reasonable inferences drawn therefrom support the district court’s finding under a preponderance of the evidence standard, the district court did not clearly err when it concluded Cox’s gun was stolen. Given this, the district court also did not err when it increased Cox’s offense level by two under USSG § 2K2.1(b)(4)(A).
IV. Conclusion
For the foregoing reasons, we AFFIRM the sentence imposed by the district court.

 This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

. The report is hearsay, but hearsay is admissible at sentencing so long as it has some indicia of reliability. United States v. Cook, 550 F.3d 1292, 1296 (10th Cir.2008).

. The dissent argues that, read in context, it is clear Cox's counsel did not concede that Dennis White transferred the Glock to his son, Greg. The relevant exchange was as follows:
The Court: Right, but we have this information that I can look at, and it appears to be authentic, that Dennis White purchased a Glock nine millimeter with the serial number D.D.X. 629—
Mr. Douglas [Defense Counsel]: I do not dispute that he owned the Glock here.
The Court: I take it you don't dispute that — -maybe I shouldn't — do you dispute the information that the father transferred the gun to the son?
Mr. Douglas: I take it from the report and I would not dispute that.
The Court: Then the son reported stolen a 9mm Glock.
Mr. Douglas: That is right, but we don’t know whether that is the Glock that he borrowed from his father. We do not know if his father owned more than—
The Court: Do you have any information that he did own more than one Glock?
R., Vol. II at 28-29. This reveals that the court was discussing Cox’s gun, the DDX629US Glock, and then asked counsel whether he disputed that the father (Dennis) transferred ''the” gun to his son (Greg). In the context of the discussion, "the gun” clearly refers to Cox’s Glock, serial number DDX629US.
Counsel then argued the gun stolen from Greg might not have been the Glock he borrowed from Dennis, or that Dennis might *695 have had more than one Glock. But counsel never finished this second argument, as he was interrupted by the court. The dissent assumes counsel was planning to argue that Dennis may have transferred a different Glock to Greg. But this is not in the transcript, unlike counsel’s clear concession that Dennis transferred "the gun” to Greg. It is equally likely that counsel planned to argue that Dennis transferred multiple identical Glocks to Greg, including the DDX629US Glock.
In any event, Cox’s primary argument below and on appeal is that the government did not prove the Glock stolen from Greg White was the DDX629US Glock, as opposed to a hypothetical identical Glock. Whether this hypothetical second Glock came from Dennis or Greg does not change the analysis, given counsel’s admission that Dennis transferred the DDX629US Glock to Greg.

. Probabilistic reasoning is a form of inductive reasoning, whereby conclusions are reached by generalizing from specific facts. See John Vickers, "The Problem of Induction," The Stanford Encyclopedia of Philosophy (Edward N. Zalta, ed., 2011), http://plato. stanford.edu/entries/induction-problem/.

. Cox's account obviously differs somewhat from the government’s theory, primarily because he claimed he purchased the gun roughly three years before Greg White was robbed. But viewing this evidence in the light most favorable to the district court's determination, Cox’s frankly implausible claim that he bought the gun "approximately” seven years prior to his arrest is vague and does not necessarily drive a conclusion he obtained the gun before Greg White was robbed.