FILED
United States Court of Appeals
Tenth Circuit

March 9, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

GRANT ANDREW STOUT,

      Defendant - Appellant.

No. 15-5074
(D.C. No. 4:10-CR-00050-JHP-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

Grant Andrew Stout pleaded guilty to being a felon in possession of

firearms and ammunition and was sentenced to 32 months' imprisonment,

followed by three years of supervised release. After he violated the conditions of

his release, the district court sentenced Mr. Stout to an additional 18 months in

prison.

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously that oral argument would not materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Stout now appeals, arguing that the district court acted in a procedurally unreasonable manner by failing to consider the sentencing guidelines range, as required by 18 U.S.C. § 3553(a)(4), and by failing to explain its specific reasons for selecting a sentence outside that range, as required by 18 U.S.C. § 3553(c)(2). Because Mr. Stout never objected to the procedure by which his sentence was determined and explained at sentencing, our review is limited to plain error. *See United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007). We will find plain error only where there is "(i) error, (ii) that is plain, which (iii) affects the defendant's substantial rights, and which (iv) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

We see no error that might fairly be called plain. The district court correctly calculated the recommended guidelines range of 5-11 months and did not treat that range as mandatory. *See* R. vol. II, at 20. The court considered the § 3553(a) factors, applied those factors in imposing its sentence, and provided specific reasons for issuing a sentence above the guidelines range, emphasizing "the defendant's lack of cooperation with supervision," "his overall attitude toward both the court and the probation office," and the court's perception that Mr. Stout "ha[d] shown little desire to succeed on supervision nor to desire a change in behavior." *Id.* at 32. The district court provided similar reasons in its written statement. *See* Supp. R. vol. I, at 1.

Neither can Mr. Stout satisfy the third prong of the plain error test. To show that an error affected his substantial rights, Mr. Stout must establish "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." *United States v. Cook*, 550 F.3d 1292, 1298 (10th Cir. 2008) (internal quotation marks omitted). This he cannot do. Whatever the perceived inadequacy in the district court's recitation of its reasons for departing from the guidelines range, the district court's sentencing decision was amply supported by evidence the government proffered at sentencing and the defense left uncontroverted. The record reveals that Mr. Stout violated six terms of his supervised release, including by possessing dangerous weapons and testing positive for methamphetamines numerous times. R. vol. II, at 23-26. We cannot say that, but for the claimed error, there is any reasonable probability Mr. Stout's sentence would have been different.

Affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge