**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4919**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ERIC CHRISTOPHER HALL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, Chief District Judge.  (7:17-cr-00003-BO-1)

Submitted:  January 31, 2020                                    Decided:  February 13, 2020

Before GREGORY, Chief Judge, and QUATTLEBAUM and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Croutharmel, RICHARD CROUTHARMEL, ATTORNEY AT LAW, Raleigh, North Carolina, for Appellant.  Brian A. Benczkowski, Assistant Attorney General, Matthew S. Miner, Deputy Assistant Attorney General, Thomas E. Booth, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Robert J. Higdon, Jr., United States Attorney, Jennifer May-Parker, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric Christopher Hall was convicted of possessing with intent to distribute cocaine,[1] in violation of 21 U.S.C. §§ 841(a), (b)(1)(C) (2018), possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(A)(i) (2018), and possessing a firearm as a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2018). Hall received a 240-month sentence. On appeal, he challenges the denial of his Fed. R. Crim. P. 28 motion for a judgment of acquittal on his § 922(g)(1) conviction and argues that the court failed to adequately rule on his objection to the drug weight attributed to him at sentencing, in violation of Fed. R. Crim. P. 32(i)(3)(B). We affirm.

Hall first argues that the Government failed to present sufficient evidence that he constructively possessed the firearms found in the trunk of a vehicle immobilized near his residence. We review de novo a district court's denial of a motion for judgment of acquittal. *United States v. Young*, 916 F.3d 368, 384 (4th Cir.), *cert. denied*, 140 S. Ct. 113 (2019). We will sustain the jury's verdict if, viewing the evidence in the light most favorable to the Government, substantial evidence supports the verdict. *United States v. Burfoot*, 899 F.3d 326, 334 (4th Cir. 2018). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Edlind*, 887 F.3d 166, 172

---

[1] Hall's criminal judgment erroneously describes this conviction as possession with intent to distribute "a Quantity of Cocaine Base (Crack) and Cocaine." Hall has not asserted the error, and the error does not affect our disposition of the issues asserted on appeal. The district court may correct a clerical error in a criminal judgment at any time under Fed. R. Crim. P. 36.

(4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 203 (2018). In conducting this inquiry, "we are not entitled to assess witness credibility, and we assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 139 S. Ct. 238 (2018).

To establish a violation of 18 U.S.C. § 922(g)(1), the Government was required to prove, beyond a reasonable doubt, that Hall (1) "previously had been convicted of a crime punishable by a term of imprisonment exceeding one year;" (2) "knowingly possessed, transported, shipped, or received[] the firearm; and (3) the possession was in or affecting commerce, because the firearm had travelled in interstate or foreign commerce at some point during its existence."[2] *United States v. Moye*, 454 F.3d 390, 395 (4th Cir. 2006) (en banc) (internal quotation marks omitted). Proof of actual or exclusive possession is not necessary; constructive possession is sufficient. *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012). Where, as here, the Government sought to establish constructive possession of the firearms, the Government must show that the defendant "intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and control over the firearm." *United States v. Al Sabahi*, 719 F.3d 305,

---

[2] On appeal, Hall does not argue that the Government was required to prove that "he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019). Additionally, Hall concedes that he was previously convicted of a felony and that the weapons recovered from the vehicle's trunk had travelled in interstate commerce.

3

311 (4th Cir. 2013). The Government can achieve this through direct or circumstantial evidence. *Id.*

"A person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the premises or vehicle in which the contraband was concealed." *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010); *see also United States v. Burgos*, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (explaining that constructive possession "may be sole or joint" (internal quotation marks omitted)). Here, the Government adduced sufficient circumstantial evidence from which a jury could conclude that Hall constructively possessed the firearms found in the trunk of the vehicle. The butt stock of a firearm found in the trunk, and the saw used to sever the butt stock, were recovered from Hall's residence; this evidence supported the inference that Hall severed the butt stock from the firearm and, in doing so, previously exercised control over the firearm. Moreover, the weapon was accessible to Hall, as the trunk of the vehicle was not secured in a manner that would have prevented Hall from gaining entry to the trunk. We therefore conclude substantial evidence supported Hall's constructive possession of the firearms in the vehicle's trunk.

Hall next asserts that the district court failed to comply with Rule 32(i)(3)(B) at sentencing because it did not rule on the credibility of the evidence he presented while objecting to the 198 ounces of cocaine the probation officer attributed to him. Because Hall did not object to the district court's alleged failure to rule on his objection, we review for plain error. *United States v. Cook*, 550 F.3d 1292, 1297-98 (10th Cir. 2008) (applying plain error review where defendant fails to make Rule 32(i)(3)(B) objection in district

4

court); *see also United States v. Bolden*, 325 F.3d 471, 497 (4th Cir. 2003) (noting that sentencing courts "may simply adopt the findings contained in a PSR, provided that it makes clear which disputed issues were resolved by its adoption." (internal quotation marks omitted)). Our review of the record reveals that the district court did not plainly err in denying Hall's objection because the findings contained in the presentence report were supported by a preponderance of the evidence.

We affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

*AFFIRMED*