UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.                                      No. 03-4295

ERNEST LEANDREW MAYES,
        *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-01-99-HO)

Submitted: October 31, 2003

Decided: November 19, 2003

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Kelly Latham Greene, STUBBS & PERDUE, P.A., New Bern, North Carolina, for Appellant. Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Ernest Leandrew Mayes appeals his sentence for a violation of 21 U.S.C. § 841(a)(1) (2000). Mayes's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states that there are no meritorious issues for appeal, he challenges the district court's conversion of currency into its drug equivalency for sentencing purposes under *U.S. Sentencing Guidelines Manual* § 2D1.1. The Government has elected not to file a responding brief. Although informed of his right to file a brief, Mayes has not done so. In accordance with *Anders*, we have considered the brief and examined the entire record for meritorious issues. Finding no error, we affirm.

The calculation of an amount of drugs to establish a base offense level is a factual determination we review for clear error. *United States v. Daughtrey*, 874 F.2d 213, 217-18 (4th Cir. 1989). Conversion of seized currency into drugs for the purpose of setting an offense level is permissible. *United States v. Hicks*, 948 F.2d 877, 881-82 (4th Cir. 1991); *U.S. Sentencing Guidelines Manual* § 2D1.1, comment. (n.12) (2002). However, it is the government's burden to prove by a preponderance of the evidence the connection between the money seized and the drug-related activity. *United States v. Gonzalez-Sanchez*, 953 F.2d 1184, 1187 (9th Cir. 1992).

Mayes argues that the district court erred by converting currency seized during a search of his residence into its drug equivalency for sentencing purposes because the Government failed to prove by a preponderance of the evidence a connection between the currency and drug activity. We disagree.

The money in question was located in very close proximity to drugs, a firearm, ammunition, a digital scale with drug residue, and cell phones, all of which were seized from Mayes's bedroom. Furthermore, Mayes's contention that some of the money was legitimate employment income is not supported by the evidence. Importantly, Social Security Administration records indicated no reported earnings for 1998 through 2002, and the Internal Revenue Service was unable

to properly identify Mayes through the name and Social Security number provided to his probation officer. Moreover, Mayes's roommate, who was arrested on drug charges just prior to the search of the residence, told police that Mayes was a "dope dealer." Even assuming that some of the money was derived from legitimate sources, Mayes fails to explain where all of the money came from, why he had such a large amount of cash in his residence, or what he intended to use the money for. Thus, we find that the Government proved by a preponderance of the evidence a connection between the currency and the drug activity.

We also find that the district court's conversion was correct. The record reveals that $32,276 in United States currency was seized from the residence. Under the rule of leniency, the district court reduced that amount by $5000, leaving $27,276. Based on testimony from a special agent with the Bureau of Alcohol, Tobacco, and Firearms, at the time the currency was seized, one gram of cocaine sold for $100 and one kilogram of cocaine sold for $22,000 to $23,000. The district court correctly determined that at $23,000 per kilogram, the seized currency was equivalent to 1.186 kilograms of powder cocaine. The court then added the 237.1 grams of actual powder cocaine attributed to Mayes, resulting in a total of 1.423 kilograms of powder cocaine. This yielded a base offense level of twenty-six. Two levels were added for a dangerous weapon enhancement and three levels were subtracted for acceptance of responsibility, resulting in an offense level of twenty-five. The district court found Mayes had a criminal history category of I. Thus, Mayes's sentence of sixty years' imprisonment was within the appropriate fifty-seven to seventy-one year sentencing range.

For these reasons, we find that the Government proved by a preponderance of the evidence the connection between the seized currency and the drug activity. We further find that the district court did not err by converting the seized currency into its drug equivalency for sentencing purposes and that the conversion was correct.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Mayes's sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the

United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*