**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4141**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY LANGUAN BRAME, a/k/a Ant,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:10-cr-00246-F-1)

Submitted:  September 22, 2011        Decided:  October 3, 2011

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey W. Gillette, GILLETTE LAW FIRM, PLLC, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Jennifer P. May-Parker, Thomas B. Murphy, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Languan Brame pled guilty, without the benefit of a written plea agreement, to conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin and 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (2006), and possession with intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Brame to ninety-six months' imprisonment. On appeal, Brame raises three challenges to the procedural reasonableness of his sentence. For the reasons that follow, we affirm.

We review the sentence imposed by the district court, "whether inside, just outside, or significantly outside the Guidelines range," for an abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence.[*] Id. at 51. In determining whether a sentence is procedurally reasonable, this court first assesses whether the district court properly calculated the defendant's Guidelines range. Id. The court then considers whether the district court considered the Guidelines as

---

[*] Because Brame does not challenge the substantive reasonableness of his sentence, we have not considered that issue.

2

mandatory, failed to consider the 18 U.S.C. § 3553(a) (2006) factors and any arguments presented by the parties, selected a sentence based on "clearly erroneous facts," or failed to explain sufficiently the selected sentence. Id. at 50-51; see United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

## I.

Brame first maintains the district court committed procedural error by failing to expressly rule on the objections he lodged to the presentence report ("PSR"), as required by Fed. R. Crim. P. 32(i)(3)(B). Because Brame did not raise an objection based on Rule 32 at sentencing, our review is for plain error. See Puckett v. United States, 556 U.S. 129, ___, 129 S. Ct. 1423, 1428-29 (2009); see also United States v. Cook, 550 F.3d 1292, 1297-98 (10th Cir. 2008) (holding that plain-error review applies where a defendant fails to make a Rule 32(i)(3)(B) objection in the district court). To prevail under this standard, Brame must establish that a clear or obvious error by the district court affected his substantial rights. Puckett, 129 S. Ct. at 1429. An error affects a defendant's substantial rights "if the error affect[s] the outcome of the district court proceedings." United States v. Knight, 606 F.3d 171, 178 (4th Cir. 2010) (internal quotation marks omitted).

3

Thus, Brame "must show that he would have received a lower sentence had the error not occurred." Id.

Brame objected to several portions of the PSR that detailed the offense conduct. First, Brame objected to paragraph seven, which attributed thirty-two grams of heroin to him based on a 2005 seizure from a residence in Henderson, North Carolina, arguing there was insufficient proof that the seized narcotics were his. Brame next objected to paragraph eleven, which detailed information provided by another inmate, Stephon Bullock, regarding Brame's purchases of cocaine from Bullock and another individual, claiming that he was not involved in these transactions.

Brame also objected to paragraphs eight and nine in which the probation officer converted to heroin currency seized from Brame's person and the vehicle in which he was traveling. More specifically, in paragraph eight, the probation officer detailed a controlled buy that resulted in Brame's arrest. At that time, Brame was found in possession of $2,380 in cash, which was converted to 26.99 grams of heroin. Although Brame argued this conversion was unwarranted because the money could have been obtained lawfully, he did not present any evidence to substantiate this contention.

With regard to paragraph nine, the PSR recounted that, in November 2009, Brame and a co-conspirator were stopped by the

4

police outside of Baltimore, Maryland ("Baltimore traffic stop"). The police seized the vehicle in which Brame was a passenger and, upon searching it and its contents, found 77.95 grams of heroin and $12,750 in U.S. currency. The probation officer converted this currency to 144.59 grams of heroin. Brame maintained only a portion of the heroin and the currency was attributable to him.

After hearing argument on Brame's objections, the district court found the total adjusted offense level was twenty-seven and that Brame had a category III criminal history, which was consistent with the PSR. The district court denied Brame's objections, ruled the findings in the PSR credible and reliable, and adopted the PSR.

At sentencing, a district court must either rule on "any disputed portion of the presentence report or other controverted matter[,] . . . or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). Rule 32 "clearly requires the district court to make a finding with respect to each objection a defendant raises to facts contained in a presentence report before it may rely on the disputed fact in sentencing." United States v. Morgan, 942 F.2d 243, 245 (4th Cir. 1991). This court has opined, however, that a district

5

court "need not articulate [findings] as to disputed factual allegations with minute specificity." United States v. Bolden, 325 F.3d 471, 497 (4th Cir. 2003) (alteration in original; internal quotation marks omitted). The sentencing court "may simply adopt the findings contained in a PSR," so long as it clarifies "which disputed issues were resolved by its adoption." Id. (internal quotation marks omitted); see also United States v. Walker, 29 F.3d 908, 912-13 (4th Cir. 1994) (holding district court satisfied Rule 32 in expressly overruling defendant's objections to the PSR and imposing a sentence in accordance with the report's recommendation).

We discern no error in the district court's treatment of Brame's objections. Brame's objections to paragraphs seven and eleven amounted to nothing more than general denials of the conduct alleged therein. Because Brame failed to offer any evidence to demonstrate that the information was unreliable or inaccurate, the district court was "free to adopt the findings of the presentence report without more specific inquiry or explanation." United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (internal quotation marks and alteration omitted) ("A mere objection to the finding in the presentence report is not sufficient. The defendant has an affirmative duty to make a showing that the information in the presentence report is

6

unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate.").

Nor was the district court obligated to more thoroughly explain why it rejected Brame's objections to paragraphs eight and nine. The district court's overruling of Brame's objections, coupled with its express adoption of the PSR, satisfied the court's obligation to address those objections. See Walker, 29 F.3d at 912 ("It is self-evident that, in expressly overruling [defendant's] objections to the PSR, the court was in fact adopting the controverted PSR findings."). Accordingly, we reject this assignment of error.

II.

Brame next argues the district court erred in converting into heroin the cash seized from the vehicle during the Baltimore traffic stop because the court did not explicitly find "that these funds in general, and the cash found in the glove compartment specifically, were the fruit of drug transactions." (Appellant's Br. at 11). We disagree.

We review the district court's "drug quantity finding for clear error." United States v. Kellam, 568 F.3d 125, 147 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009); see United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004) (district court did not clearly err in calculating drug quantity for

possession with intent to distribute ecstasy by converting cash to its drug equivalent); United States v. Hicks, 948 F.2d 877, 881, 883 (4th Cir. 1991) (district court did not clearly err in calculating drug quantity for possession with intent to distribute cocaine by converting $279,550 in seized cash to cocaine). This deferential standard of review requires reversal only if this court, upon reviewing the record as a whole, "is left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (internal quotation marks omitted).

It is proper for the district court to convert seized currency into drug amounts for the purpose of setting an offense level when that cash is part of the same course of conduct, either because it is the proceeds of drug sales or would be used to purchase more drugs in the future. Hicks, 948 F.2d at 881-83; see U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1, cmt. n.12 (2009). "A district court may properly convert cash amounts linked credibly to the defendant's purchase or sale of narcotics." United States v. Sampson, 140 F.3d 585, 592 (4th Cir. 1998). Thus, "it is the government's burden to prove by a preponderance of the evidence the connection between the money seized and the drug-related activity." United States v. Mayes, 80 F. App'x 893, 894 (4th Cir. 2003) (unpublished) (citing

United States v. Gonzalez-Sanchez, 953 F.2d 1184, 1187 (9th Cir. 1992)).

Applying these standards, we conclude that the district court did not clearly err in converting the seized currency to a quantity of heroin. Following the Baltimore traffic stop, the police seized 77.95 grams of heroin from a backpack located within the vehicle in which Brame was a passenger. An undisclosed amount of currency was also found in the backpack, which Brame asserted belonged to his co-conspirator. Another large amount of cash was located in the vehicle's glove compartment, which Brame conceded belonged to him and his co-conspirator. In total, $12,750 was seized.

The record thus establishes that Brame possessed a substantial quantity of heroin contemporaneous to his possession of $12,750. This is enough to satisfy the Government's burden to link the currency with Brame's narcotics activities. See United States v. Thomas, 913 F.2d 1111, 1117-18 (4th Cir. 1990) (holding that possession of large amount of cash may be circumstantial evidence of drug trafficking). That Brame did not admit to having exclusive ownership of or dominion and control over the glove compartment or backpack is of no moment. See United States v. Herder, 594 F.3d 352, 358 (4th Cir.) ("A person may have constructive possession of contraband if he has ownership, dominion, or control over the contraband or the

9

premises or vehicle in which the contraband was concealed."), cert. denied, 130 S. Ct. 3440 (2010). Under these circumstances, where a large sum of currency was found in the same location as a large quantity of narcotics, the Government proved by a preponderance of the evidence a connection between the currency and the drug activity, and thus the district court did not err by converting the seized money into its drug equivalency for sentencing purposes.

III.

In his final appellate argument, Brame maintains the district court should not have admitted Bullock's statements regarding Brame's drug activities through the testimony of Special Agent Lynn Gay of the North Carolina Bureau of Investigation. The drug quantities reported by Bullock contributed to the determination of the drug quantity attributable to Brame. Special Agent Gay testified to these statements at sentencing, and Brame's attorney cross-examined her regarding the reliability of Bullock's information.

We conclude the district court properly allowed and relied upon Gay's testimony regarding Bullock's statements as to the drug transactions in which Brame was involved. It is well-established that "there is no bar to the use of hearsay at sentencing[,] . . . [and a] trial court may properly consider

uncorroborated hearsay evidence that the defendant has had an opportunity to rebut or explain." United States v. Alvarado Perez, 609 F.3d 609, 618 n.4 (4th Cir. 2010) (internal quotation marks omitted); see also Fed. R. Evid. 1101(d)(3). Moreover, the process employed by the district court in permitting Brame to challenge the reliability of Bullock's information satisfied the due process requirements for purposes of sentencing. See McMillan v. Pennsylvania, 477 U.S. 79, 91-92 (1986) (holding that application of the preponderance standard at sentencing generally satisfies due process); see also USSG § 6A1.3(a), p.s.

For these reasons, we affirm Brame's sentence. Further, we deny Brame's motion for reconsideration of the Clerk's Office's order denying his motion for an order to show cause as to why his newly appointed appellate attorney, Sue Genrich Berry, should not be disciplined, and deny the pending motion for the substitution of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

11