**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 23, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RENE GONZALEZ-CHAVEZ,

    Defendant - Appellant.

No. 15-2094
(D.C. No. 1:14-CR-04062-MCA-1)
(D. N. Mex.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **SEYMOUR**, and **BACHARACH**, Circuit Judges.
_____

In 2010, Immigration and Custom Enforcement ("ICE") removed Rene Gonzalez-Chavez ("Mr. Gonzalez") from the United States because he had illegally entered the country. In 2012, New Mexico authorities arrested him for attempted first-degree murder. In 2014, a New Mexico state court dismissed the charges on a procedural error, and he was released from state custody. Approximately one month later, ICE arrested him for being a removed alien within the United States in violation of 8 U.S.C. §§ 1326 (a) and (b). After Mr. Gonzalez pled guilty, the district court rejected his argument that

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

his sentence should be reduced by 28 months to account for the time he spent in pretrial custody before his state charges were dismissed.

On appeal, Mr. Gonzalez contends the district court imposed a procedurally and substantively unreasonable sentence. Exercising jurisdiction under 18 U.S.C. § 3742(a)(1) and 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

### A.   *Factual History*

In April 2010, ICE removed Mr. Gonzalez for his illegal presence in the United States in violation of 8 U.S.C. § 1326 and for having been convicted of an aggravated felony. Mr. Gonzalez returned to the United States, and on April 2, 2012, New Mexico authorities arrested him and charged him with state crimes, including attempted first-degree murder. The next day ICE discovered Mr. Gonzalez's presence in the United States.

ICE promptly issued a detainer, requesting officials at the Metropolitan Detention Center in Albuquerque, New Mexico, where Mr. Gonzalez was being held, to notify ICE within 30 days of Mr. Gonzalez's release and hold him for 48 hours after the release date so that ICE agents could detain him.

On September 18, 2014, an assistant district attorney in New Mexico told ICE officials that Mr. Gonzalez had been released 34 days earlier after the state's charges were dismissed without prejudice because the state failed to transport Mr. Gonzalez to a motion hearing.

On September 25, 2014, ICE arrested Mr. Gonzalez for being a removed alien in the United States in violation of 8 U.S.C. §§ 1326 (a) and (b).

## B.  *Procedural History*

In January 2015, Mr. Gonzalez pled guilty.  The U.S. Probation Office's presentence investigation report ("PSR") calculated his Guidelines range to be 70 to 87 months of imprisonment.

Mr. Gonzalez objected to the PSR's failure to account for time he spent in state custody and argued this time should have been credited to his federal sentence under 18 U.S.C. § 3585 and United States Sentencing Guidelines Manual ("U.S.S.G.") § 5G1.3. The United States countered that the state pretrial detention should not be credited because (1) it does not affect a federal prison term, (2) the state planned to refile its charges against Mr. Gonzalez, and (3) if Mr. Gonzalez were convicted, the time would be credited to the state sentence.

At the sentencing hearing, the district court asked if either party had objections to the PSR.  Neither party objected, but Mr. Gonzalez did alert the court to the dismissal of the state charges.  The court adopted the PSR's calculation of Mr. Gonzalez's Guidelines range.

Mr. Gonzalez again argued for a 28-month reduction.  The Government again reported the state planned to refile the charges.

The Government then presented Mr. Gonzalez's criminal history, which also appears in the PSR, including the following statement of the state charges:

The defendant got on top of the victim, Ms. Sosa, grabbed her by her hair, and began to slam her head into the ground. She was begging him to stop. However, he continued to punch her in the head – excuse me – in the face. At some point, the defendant removed the victim's shoes, took the shoelaces out to tie her wrists and ankles together so she could not escape. During this time, the defendant was telling her that he hated her, and was spitting on her face.

At that time, the defendant left the room and returned with a garbage bag, tape, and paint thinner. The defendant placed the garbage bag over her head and taped the bag closed around her neck, causing her to suffocate. The defendant told the victim, "You're going to die today," at which time she lost consciousness.

When the victim later awoke, she felt something wet on her face and realized the defendant had torn the bag open and was covering her face and legs with paint thinner. The defendant stated to the victim, "You think you're going to live," while playing with the lighter, causing her to believe he would kill her by setting her on fire.

The victim stated the defendant was on top of her, and at one point he had cut the clothing from her body and penetrated her vagina with his penis. During the course of the sexual assault, the victim stated she was still tied up, when the defendant stopped and became sick, throwing up on her and the carpet.

ROA, Vol. 3 at 24-25.

Mr. Gonzalez's counsel did not object to this account, but Mr. Gonzalez made the following pro se statement to the court:

Your Honor, I understand all of these accusations that are before the State. But also, there has been two trials, and throughout these trials it was found that this person had been lying. There have been two mistrials, and in the end, it was all dismissed because she lied. It turned out that this person did not live with me at all. I understand that the prosecutor is just reading off what he sees on a paper, but he doesn't really know the facts.

*Id.* at 27.

The district court sentenced Mr. Gonzalez to 80 months in prison and explained its

reasons:

> I have reviewed and considered the Presentence Investigation Report. I have incorporated each of the statements, the findings, and the averments set forth therein in this proceeding here for purposes of sentencing, and I've considered the guidelines, noting they are advisory, and I've considered each of the sentencing factors under Title 18 Section 3553 Part (a).
>
> Here, the offense level is 21 and the criminal history category is V. The advisory guideline imprisonment range is 70 to 87 months.
>
> This defendant was found to be in the United States after having been previously deported. He was previously deported on April 28, 2010. . . .
>
> I arrived at this sentence in consideration of the sentencing factors, noting with emphasis your significant criminal history. You are at a criminal history category of V.
>
> I believe the sentence of 80 months is sufficient but not greater than necessary to satisfy the sentencing goals inherent in the statute.
>
> I understand the plea that you make, sir, through your attorney about the amount of custody that you have served, and I feel that a sentence of 80 months, a few months short of the higher end of the guidelines, which I think you deserve given the facts of your history here, is reasonable under the circumstances and in consideration of that request.

*Id.* at 27-29.

## II.  **DISCUSSION**

Mr. Gonzalez challenges his sentence on appeal as procedurally and substantively

unreasonable.[1]

---

[1] To the extent Mr. Gonzalez challenges the district court's decision not to depart downward from his Guidelines range, we lack jurisdiction to consider his arguments. *See United States v. Chavez-Diaz*, 444 F.3d 1223, 1224 (10th Cir. 2006) ("[W]hile we do not have jurisdiction to review the district court's discretionary decision to deny a downward

Continued . . .

A.  *Procedural Unreasonableness*

Mr. Gonzales argues his sentence was procedurally unreasonable because the district court did not (1) apply U.S.S.G. §§ 5G1.3 and 2L1.2 and related application notes; (2) explain its sentence under 18 U.S.C. § 3553(c); and (3) comply with Federal Rule of Criminal Procedure 32(i) because it failed to resolve whether his sentence should have been reduced based on his state pretrial detention.  He also argues the court (4) violated due process by relying on the prosecution's uncorroborated statements about his state court charges.[2]

We generally review the procedural reasonableness of a defendant's sentence using "the familiar abuse-of-discretion standard of review," *United States v. Halliday*, 665 F.3d 1219, 1222 (10th Cir. 2011) (quotations omitted), "under which we review de novo the district court's legal conclusions regarding the [G]uidelines and review its factual findings for clear error," *United States v. Gantt*, 679 F.3d 1240, 1246 (10th Cir. 2012).  *See also Gall v. United States*, 552 U.S. 38, 56 (2007).

---

departure, we have jurisdiction post-*Booker* to review the sentence imposed for reasonableness.").

[2] These challenges all concern the procedural reasonableness of his sentence.  *See United States v. Geiner*, 498 F.3d 1104, 1108 (10th Cir. 2007) (application of the Guidelines reviewed for procedural reasonableness); *United States v. Romero*, 491 F.3d 1173, 1175-79 (10th Cir. 2007) (18 U.S.C. § 3553(c) challenge reviewed for procedural reasonableness);*United States v. Warren*, 737 F.3d 1278, 1283-87 (10th Cir. 2013) (Rule 32 argument reviewed for procedural reasonableness); *United States v. Ruby*, 706 F.3d 1221, 1225 (10th Cir. 2013) (due process argument regarding hearsay at sentencing reviewed for procedural reasonableness because "unreliable hearsay evidence can result in a sentence based on erroneous facts").

"If, however, [Mr. Gonzalez] did not preserve the procedural challenge below, we review only for plain error." *Gantt*, 679 F.3d at 1246. Under this standard, we "will only vacate the sentence if: (1) there is error; (2) that is plain; (3) that affects substantial rights, or in other words, affects the outcome of the proceeding; and (4) substantially affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Chavez*, 723 F.3d 1226, 1232 (10th Cir. 2013).

In district court, Mr. Gonzalez raised U.S.S.G. § 5G1.3 in his objections to the PSR, but he did not raise the other issues he now argues on appeal. We nonetheless review for plain error only his arguments regarding U.S.S.G. 2L1.2 because we would affirm on all the other procedural unreasonableness issues under either the abuse of discretion or plain error standard.

1. **Guidelines Arguments**

In district court, Mr. Gonzalez argued his sentence should have been reduced by 28 months based on U.S.S.G. § 5G1.3. On appeal, he also contends the court should have considered Application Notes 4(E) to § 5G1.3 and 8 to U.S.S.G. § 2L1.2. We affirm as to all of these provisions.

a. *U.S.S.G. § 5G1.3 and Application Note 4(E)*

Mr. Gonzalez argues the district court erred by failing to apply § 5G1.3 and Application Note 4(E) to reduce his sentence.

Section 5G1.3 is titled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment or Anticipated State Term of Imprisonment." It has four subsections. Three of them—(a), (b), and (d)—as well as Note 4(E), concern how

an undischarged term of imprisonment for another offense should affect the sentence for the instant offense. None of them applies here because Mr. Gonzalez had not been convicted on the state charges and therefore had not received a term of imprisonment for those charges.

Section 5G1.3(c) concerns "a state term of imprisonment [that] is anticipated to result from another offense that is relevant conduct to the instant offense," but it does not apply here either because Mr. Gonzalez seeks a sentence reduction for pretrial detention, not a term of imprisonment, and because the conduct underlying Mr. Gonzalez's state charges is not relevant conduct to his illegal reentry offense.

Section 5G1.3 and Application Note 4(E) do not apply to Mr. Gonzalez's case. The district court did not err in failing to apply them to his sentence.

b. *U.S.S.G. § 2L1.2 and Application Note 8*

Mr. Gonzalez argues the district court erred in failing to apply § 2L1.2 to reduce his sentence. Because Mr. Gonzalez did not raise § 2L1.2 in district court, we review his argument for plain error.

Application Note 8 to this guideline allows a district court to depart under certain circumstances based on time served "in state custody, whether pre- or post-conviction." It identifies the defendant's criminal history as the key factor in deciding whether to depart.

The district court, in determining Mr. Gonzalez's sentence, "not[ed] with emphasis [Mr. Gonzalez's] significant criminal history." ROA, Vol. 3 at 28. This indicates either (1) the court properly applied § 2L1.2 and Application Note 8 or (2) even

if it erred by not specifically citing § 2L1.2, the court likely would have imposed the same sentence if it had.  In either case, Mr. Gonzalez fails to show the district court committed plain error.  *See Chavez*, 723 F.3d at 1232 (Under plain error review, plaintiffs must show error that "affects substantial rights, or in other words, affects the outcome of the proceeding. . . .").

## 2.  **Reasons for Mr. Gonzalez's Sentence**

Mr. Gonzalez argues the district court violated 18 U.S.C. § 3553(c) by not explaining its reasons for declining to depart from the Guidelines.

For within-Guidelines sentences, the district court needs only to provide "a general statement of the reasons for its imposition of a particular sentence" to satisfy § 3553(c).  *United States v. Ruiz-Terrazas*, 477 F.3d 1196, 1199 (10th Cir. 2007) (quotations omitted).  Further, the court is not required to respond to every argument for leniency.  *See United States v. Martinez-Barragan*, 545 F.3d 894, 903 (10th Cir. 2008) (noting a court "need not explicitly refer to either the § 3553(a) factors or respond to every argument for leniency that it rejects in arriving at a reasonable sentence." (quotations omitted)).  The general statement the district court gave, as recounted above, is sufficient to show it complied with § 3553(c) for its imposition of a within-Guidelines sentence.

## 3.  **Federal Rule of Criminal Procedure 32**

Mr. Gonzalez argues the district court violated Federal Rule of Criminal Procedure 32(i) by not addressing his argument that his sentence should be reduced by 28 months.

Rule 32(i)(3)(B) requires a sentencing court to make one of two possible determinations when any portion of a PSR is factually "disputed."  Fed. R. Crim. P.

32(i)(3)(B).  A court must either "rule on the dispute" or "determine that a ruling is unnecessary."  *Id.*  But "Rule 32 is not a vehicle for advancing legal challenges to sentencing," and the district court is "not obligated to make Rule 32[(i)(3)(B)] findings" when "the issues the defendant raises . . . do not involve factual inaccuracies in the report but, rather, legal objections to the district court's determination of his sentence."  *United States v. Furman*, 112 F.3d 435, 440 (10th Cir. 1997); *see also Warren*, 737 F.3d at 1286.  Here, the district court did not err for three reasons.

First, Mr. Gonzalez did not dispute any portion of the PSR.  The district court invited him to object to the PSR.  He declined.

Second, Mr. Gonzalez's Rule 32 argument does not challenge the PSR's or the district court's factual findings.  It is a legal challenge to the district court's decision not to credit his sentence or depart from the Guidelines.  *See Warren*, 737 F.3d at 1286.  The only dispute Mr. Gonzalez points to is whether his federal sentence should be offset or reduced by the time he spent in state custody.  He does not identify any disputed facts the district court would need to resolve.

Third, even assuming the argument about a 28-month credit or reduction could be considered a factual objection to the PSR,[3] the district court acknowledged the "plea" that

---

[3] It is unclear if Mr. Gonzalez appeals whether the district court should have credited his sentence by 28 months under 18 U.S.C. § 3585(b).  In any case, the Supreme Court held § 3585(b) does not authorize district courts to credit a sentence based on time spent in presentence state custody.  *See United States v. Wilson*, 503 U.S. 329, 333-34 (1992).  The Supreme Court explained the Attorney General, and by extension the Bureau of Prisons ("BOP"), has sole authority to credit sentences for uncredited time spent in presentence state custody because "the District Court cannot perform the

Continued . . .

Mr. Gonzalez made "about the amount of custody that [he] served," ROA, Vol. 3 at 28, and then decided an 80-month sentence was reasonable under the circumstances. This satisfied Rule 32(i)'s requirement to rule on the dispute.

For these reasons, the district court did not violate Rule 32.

## 4. **Due Process**

Mr. Gonzalez asserts the district court violated due process by relying, at least partially, on the Government's statements at sentencing (1) recounting the underlying state charges and (2) reporting the state intended to re-file charges.[4]

"At sentencing, the district court may rely on facts stated in the PSR unless the defendant files an objection." *United States v. Ary*, 518 F.3d 775, 787 (10th Cir. 2008). "When a defendant objects, the government must prove that fact at the sentencing hearing by a preponderance of the evidence." *Id.* "While the due process clause protects a defendant's right not to be sentenced on the basis of materially incorrect information, hearsay statements may be considered at sentencing if they bear some minimal indicia of reliability." *United States v. Cook*, 550 F.3d 1292, 1296 (10th Cir. 2008) (quotations omitted).

---

necessary calculation at the time of sentencing and . . . the Attorney General, in implementing the defendant's sentence, cannot avoid computing the credit." *Id.* at 336.

[4] Mr. Gonzalez also complains the district court did not consider his objections to these statements. His failure to alert the district court to any potential Rule 32 violation or argue plain error on appeal renders this argument waived. *See United States v. Fisher*, 805 F.3d 982, 992 (10th Cir. 2015), *cert. denied*, 136 S. Ct. 1528 (2016).

First, nothing in the record indicates the district court considered the Government's recounting of Mr. Gonzalez's state charges as anything other than allegations made in a state court charging document. The Government did not suggest Mr. Gonzalez had been convicted. The district court did not treat the charges as fact or even mention them in its reasons for Mr. Gonzalez's sentence. The court stated it relied generally on Mr. Gonzalez's criminal history.

Second, as noted above, Mr. Gonzalez did not object to the PSR, which contained the allegations underlying the state charges. After the Government restated the allegations at the sentencing hearing, defense counsel did not object, and only then did Mr. Gonzalez make a pro se statement that the Government "doesn't really know the facts" of his case. ROA, Vol. 3 at 27. He also said the state charges were dismissed because a witness had lied, but he pointed to no evidence to support his statement. His statement did not contest that the state had brought charges making these allegations against him. Nor did he object to the Government's statement that the state intended to refile charges.

Third, even assuming (1) the district court relied on these statements in rendering its sentence, and (2) Mr. Gonzalez properly objected to them, they bore at least a "minimal indicia of reliability." *Cook*, 550 F.3d at 1296 (quotations omitted). The PSR corroborated them. The state indisputably had brought charges for first-degree murder and other crimes against Mr. Gonzalez. The order dismissing these charges said it was without prejudice because the state failed to transport Mr. Gonzalez to a hearing, indicating the state could refile the charges. To the extent the district court relied on the

Government's statements in determining Mr. Gonzalez's sentence, it did not violate Mr. Gonzalez's due process rights.

## B. *Substantive Unreasonableness*

As with procedural reasonableness, we "review the substantive reasonableness of a sentence for abuse of discretion." *Chavez*, 723 F.3d at 1233. Under the abuse-of-discretion standard, we will reverse a sentence if it is "arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Munoz–Nava*, 524 F.3d 1137, 1146 (10th Cir. 2008) (quotations omitted).

Substantive reasonableness addresses "whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Verdin–Garcia*, 516 F.3d 884, 895 (10th Cir. 2008) (quotations omitted). "A sentence within the correctly calculated Guidelines range is presumed to be reasonable, [and] the burden is on the appellant to rebut the presumption." *Id.* at 898 (citation omitted); *see also Rita v. United States*, 551 U.S. 338, 347 (2007) ("The first question is whether a court of appeals may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines. We conclude that it can.").

Mr. Gonzalez must rebut the presumption that his sentence is substantively reasonable. He attempts to do so by arguing the district court should have departed from the Guidelines.

His attempt fails because, as the district court explained, Mr. Gonzalez has a significant criminal history. This history includes convictions for reckless driving;

aggravated assault against a household member; resisting, evading, and obstructing an officer; possession with intent to distribute a controlled substance; aggravated assault upon a police officer; attempted aggravated burglary; and conspiracy to commit aggravated burglary.

The district court was therefore not "arbitrary, capricious, whimsical, or manifestly unreasonable," *Munoz–Nava*, 524 F.3d at 1146 (quotations omitted), in imposing an 80-month and not reducing it by the time Mr. Gonzalez spent in state custody.

## III.  **CONCLUSION**

For the foregoing reasons, we affirm.

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge