**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 22, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ZACHARY CHARLES FOWLER,

    Defendant - Appellant.

No. 24-6087
(D.C. No. 5:22-CR-00366-SLP-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Defendant-Appellant Zachary Charles Fowler appeals his 624-month sentence for kidnapping, carjacking, and using and brandishing a firearm during and in relation to a crime of violence. Mr. Fowler contends the sentence is substantively unreasonable. For the reasons explained below, we disagree and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## I.    BACKGROUND

In the early morning hours of March 29, 2022, Mr. Fowler broke into the home of his ex-girlfriend, K.C., while she was asleep. Mr. Fowler kicked in her bedroom door and physically assaulted K.C., strangling her until she passed out. Once K.C. regained consciousness, Mr. Fowler brandished a gun and sexually assaulted her at gunpoint. Mr. Fowler then forced K.C., still at gunpoint, to drive him from her home in Perry, Oklahoma to Corpus Christi, Texas. After arriving in Corpus Christi, K.C. managed to escape and inform two witnesses of her kidnapping. Mr. Fowler was arrested that day.

Following his arrest, Mr. Fowler was questioned by law enforcement in Corpus Christi. During this interview, officers questioned Mr. Fowler before informing him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), despite him requesting an attorney multiple times. After finally being informed of his *Miranda* rights approximately thirty minutes into the interview, Mr. Fowler stated he wished to press charges against K.C. for pointing a gun at him and again asked for an attorney. Because of the timing and multijurisdictional nature of the case, the officers averred they could not give him one. After continuing to question Mr. Fowler for several minutes over his continued requests for an attorney, the officers claimed that if he did not give a statement, he would not get an attorney until he went to court.

During a second interview with a Noble County, Oklahoma sheriff's deputy, Mr. Fowler was more promptly advised of his *Miranda* rights. He again requested an attorney, but the deputy ignored the request and pressed on with the interview.

2

Mr. Fowler also submitted to a polygraph examination, which was cut short by the examiner who stated he believed that Mr. Fowler was attempting to manipulate the results of the exam. The record does not reveal if Mr. Fowler was advised of the consequences of submitting to a polygraph exam. Finally, during another interview with the Noble County Sheriff's Department, Mr. Fowler was not read his *Miranda* rights and made several incriminating statements, including that K.C. had changed the locks of her home because she was afraid of him, he may have hit her during the struggle, and that the sex may not have been consensual.

## II.     PROCEDURAL HISTORY

Following the investigation, a grand jury handed down an indictment charging Mr. Fowler with kidnapping, in violation of 18 U.S.C. § 1201(a)(1); carjacking resulting in serious bodily injury, in violation of 18 U.S.C. § 2119(2); and using and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). At trial, Mr. Fowler was convicted of all three charges. The United States Probation Office prepared a pre-sentence investigation report ("PSR") which calculated Mr. Fowler's United States Sentencing Commission Guidelines ("Guidelines") range as 360 months to life based on a total offense level of 42 and criminal history category of I.[1]

---

[1] After he filed his opening brief in this appeal, Mr. Fowler sought to file a supplemental opening brief to argue that the Guidelines range was calculated incorrectly. *See* ECF No. 50 (Motion to Supplement) at 2–3. In the motion, Mr. Fowler argues that a two-point sentencing enhancement for using a dangerous weapon (United States Sentencing Commission, *Guidelines Manual*, § 2A4.1(b)(3)) was erroneously applied because he was also charged under 18 U.S.C. § 924(c) for

3

In its sentencing memorandum, the Government submitted the recordings of Mr. Fowler's interrogations and stated it was seeking a within-Guidelines sentence, relying in part on Mr. Fowler's interview in which he "demand[ed] the police charge K.C. with a crime." ROA Vol. I at 224. In Mr. Fowler's sentencing memorandum, he requested a downward variance from the Guidelines range. Specifically, he requested a sentence of 188 months, noting the PSR had agreed "a sentence outside of the advisory guideline range may be appropriate" because he was "24 years old, and this offense constitute[d] [his] first felony conviction." *Id.* at 239. Mr. Fowler also argued his mental health struggles militated in favor of a downward variance, and that he would be adequately deterred by a 188-month sentence.

The district court imposed a within-Guidelines sentence of 624 months: 540 months for the kidnapping and carjacking offenses and a consecutive 84 months for the offense of using and brandishing a firearm. In imposing Mr. Fowler's sentence, the district court explained it had considered each factor under 18 U.S.C. § 3553(a), and specifically noted Mr. Fowler's lack of previous criminal offenses and many letters of support. But the court further explained that because of the nature and circumstances of the offense, which it found to be "horrific and terrifying," coupled

_____

using and brandishing a firearm during and in relation to a crime of violence. *Id.* at 3 (citing U.S.S.G. § 2K2.4, comment n.4). Had the two-point enhancement not been applied, Mr. Fowler claims, his Guidelines range would have been calculated at 292–365 months based on a total offense level of 40. *Id.* at 5.

We denied Mr. Fowler's motion and therefore this argument is not before the panel on direct appeal. We express no opinion on whether Mr. Fowler may pursue a collateral appeal raising an ineffective assistance of counsel argument based on counsel's failure to object to the calculation of the Guidelines range.

with Mr. Fowler's lack of remorse and attempts to shirk responsibility in the investigatory interviews, a within-Guidelines sentence was necessary to comport with the § 3553(a) factors. ROA Vol. III at 402. The court found that Mr. Fowler's "continued denials" of his conduct, "unconscionable blaming of the victim," and general statement of apology indicated that he had "accept[ed] zero responsibility." *Id.* at 404–05. Because of this, the court placed "significant" emphasis on "deterrence and the need to protect the public from further crimes of [Mr. Fowler]" in assessing the 624-month sentence. *Id.* at 404.

Mr. Fowler timely appealed.

### III.    ANALYSIS

On appeal, Mr. Fowler argues that his sentence is substantively unreasonable because the district court relied too heavily on statements obtained in violation of *Miranda*, failed to consider his age, and failed to consider the need to avoid unwarranted sentencing disparities. We first discuss the standard of review and then consider his arguments in turn.

### A.    *Standard of Review*

Substantive reasonableness is reviewed under the "familiar abuse-of-discretion standard of review." *United States. v. Halliday*, 665 F.3d 1219, 1222 (10th Cir. 2011) (quoting *Gall v. United States*, 552 U.S. 38, 46 (2007)). "Substantive reasonableness focuses on whether the length of the sentence is reasonable in light of the factors contained in 18 U.S.C. § 3553(a)." *Id.* "Under the abuse-of-discretion standard, we will reverse a sentence if it is arbitrary, capricious, whimsical, or manifestly

5

unreasonable." *United States. v. Gonzalez-Chavez*, 651 F. App'x 725, 732 (10th Cir. 2016) (internal quotation marks omitted).

### B.    Substantive Unreasonableness

### 1.    Consideration of the Recorded Statements

Mr. Fowler argues the court gave undue weight to his statements given—he avers—in violation of his *Miranda* right to counsel, rendering his sentence substantively unreasonable. Appellant's Br. at 26. Mr. Fowler clarifies in his reply brief that his argument is not that the court *could* not have considered his statements, but that it "*should*" not have, emphasizing we have "found sentences substantively unreasonable where a court places too much reliance on a single factor under § 3553(a)." Reply Br. at 3. Assuming without deciding the statements were obtained in violation of *Miranda*, the district court was not barred from considering these statements at sentencing, and Mr. Fowler's sentence is not rendered substantively unreasonable because the district court relied on them.

Officers are required to administer the *Miranda* warnings before interrogating a suspect in custody. *United States v. Wagner*, 951 F.3d 1232, 1250 (10th Cir. 2021). If interrogation occurs and statements are obtained without the *Miranda* warnings, admission of those statements at trial is prohibited. *See id.* at 1249–51. This prohibition is commonly called "[t]he *Miranda* exclusionary rule." *Oregon v. Elstad*, 470 U.S. 298, 306 (1985).

But we have previously held that—in the context of the Fourth Amendment exclusionary rule—evidence obtained in violation of Constitution need not be

excluded at sentencing "in the absence of any suggestion that the alleged offenses resulted from an attempt on the part of arresting officers to enhance the sentence imposed." *United States v. Ryan*, 236 F.3d 1268, 1271 (10th Cir. 2001). We explained that the exclusionary rule's application at sentencing should balance the rule's deterrence of unreasonable searches and seizures against "the costs of impairing effective and suitable punishment of proven offenders and unduly complicating sentencing procedures." *Id.* (quotation marks omitted). We concluded that applying the exclusionary rule at sentencing would not deter unreasonable searches and seizures because "law enforcement officers [usually do not] conduct searches and seiz[ures] . . . for the purpose of increasing the sentence." *Id.* (quotation marks omitted). Accordingly, we held that the Fourth Amendment exclusionary rule does not apply at sentencing unless a defendant can produce evidence that the "officers' actions in violation [his or her] rights were done with the intent to secure an increased sentence." *Id.* at 1272.

As we have previously recognized, our reasoning in *Ryan* applies equally to the *Miranda* exclusionary rule. *See United States v. Salazar*, 38 F. App'x 490, 495–96 (10th Cir. 2002) (unpublished) (holding that the *Miranda* exclusionary rule does not apply at sentencing). Just as law enforcement officers do not typically conduct searches and seizures to increase sentences, they do not typically conduct interrogations to increase sentences. *Ryan*, 236 F.3d at 1271; *Salazar*, 38 F. App'x at 496. Thus, the *Miranda* exclusionary rule does not apply at sentencing in the absence of a showing that law enforcement officers violated *Miranda* to obtain a longer

sentence. Here, Mr. Fowler identifies no evidence suggesting the officers were motivated by a desire to increase his sentence. Therefore, because the district court was not prohibited from considering the recorded statements at sentencing, it did not abuse its discretion in relying on them.

To the extent Mr. Fowler argues that the sentence is substantively unreasonable because it relied too heavily on a single § 3553(a) factor in considering the recorded statements, that argument fails.[2] We owe considerable deference to the weight the district court affords each § 3553(a) factor and to its determination of the sentence "given all the circumstances of the case in light of the [§ 3553(a)] factors." *United States v. Gieswein*, 887 F.3d 1054, 1064 (10th Cir. 2018) (quotation marks omitted). Additionally, "a within-Guidelines sentence is entitled to a presumption of substantive reasonableness on appeal." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1215 (10th Cir. 2008); *cf. United States v. Cookson*, 922 F.3d 1079, 1092 (10th Cir. 2019) (explaining sentences that *vary* from the Guidelines range require more significant justifications and that a "major [variance] should be supported by a more significant justification than a minor one" (alteration in original) (quoting *Gall*, 552 U.S. at 50)).

As recounted above, the district court here explained that it had considered each of the § 3553(a) factors, and specifically discussed the history and

---

[2] Indeed, Mr. Fowler does not explain which § 3553(a) factor he believes the district court was exclusively relying on in discussing his statements made during the interviews.

characteristics of Mr. Fowler, the nature and circumstances of the offense, the need

for deterrence, and the need to protect the public. In discussing Mr. Fowler's

statements to law enforcement, it was not relying exclusively on a single § 3553(a)

factor. Instead, it was connecting those statements to the nature and circumstances of

the offense, the need for deterrence, and the need to protect the public. This case is

easily distinguished from cases in which we have found sentences substantively

unreasonable because a district court varies from the Guidelines and relies "almost

entirely" on a single § 3553(a) factor. *United States v. Crosby*, 119 F.4th 1239, 1249

(10th Cir. 2024). Instead, the district court considered several of the factors and

ultimately imposed a sentence within the Guidelines range. Considering all the

circumstances of the case, we cannot say the district court abused its discretion in

imposing a within-Guidelines sentence.

**2.      Failure to Consider Age**

Mr. Fowler further argues that the district court's sentence was substantively

unreasonable because it did not adequately consider his youth. We disagree. The

district court did not abuse its discretion by not explicitly mentioning age in its

sentencing explanation.

As discussed, a sentencing court is required to consider the § 3553(a) factors,

and appellate courts owe deference to the sentencing court's "determinations of the

weight to be afforded to [each factor]." *Gieswein*, 887 F.3d at 1064. Title 18 U.S.C.

§ 3553(a)(1) requires sentencing courts to consider the "history and characteristics of

the defendant," a category which *may* include a defendant's age. *See* United States

Sentencing Commission, *Guidelines Manual*, § 5H1.1 (Nov. 2024). But while a district court may account for a defendant's age in choosing to vary downward, *see id.*, it is not required to consider it. Moreover, a district court does not abuse its discretion by considering and rejecting such an argument and instead imposing a within-Guidelines sentence with reference to the broader § 3553(a) factors. *See United States v. Nunez-Carranza*, 83 F.4th 1213, 1222–23 (10th Cir. 2023); *see also United States v. Armstrong*, No. 21-8075, 2022 WL 1040277, at \*3 (10th Cir. Apr. 7, 2022) (holding a district court did not abuse its discretion in not giving more weight to age as a mitigating factor).

Here, Mr. Fowler presented his argument for a downward variance to the district court based on characteristics including his young age at the time of the offense. ROA Vol. I at 241–42 (Sentencing Memorandum); ROA Vol. III at 393–95 (sentencing colloquy emphasizing Mr. Fowler's young age). In imposing the sentence, the district court considered each factor under § 3553(a), explicitly discussed the history and characteristics of the defendant, and imposed a within-Guidelines sentence that is presumptively reasonable. *Alapizco-Valenzuela*, 546 F.3d at 1215. In imposing that sentence, the district court explained that while it had considered Mr. Fowler's lack of criminal history, that fact was ultimately outweighed by the "grave seriousness of th[e] offense," which in turn caused the court to "place[] significant attention on deterrence and the need to protect the public from further crimes of [Mr. Fowler]." ROA Vol. III at 402, 404. It also implicitly rejected the age-based arguments by explaining why other § 3553(a) factors outweighed Mr. Fowler's

history and characteristics. *See Nunez-Carranza*, 83 F.4th at 1222–23. As such, we cannot conclude it abused its discretion by not specifically discussing Mr. Fowler's age.

### 3.   Failure to Consider the Need to Avoid Sentencing Disparities

Finally, Mr. Fowler argues his sentence is substantively unreasonable because it is disproportionate to sentences imposed on similarly situated individuals. Appellant's Br. at 32. We disagree.

In imposing sentences, district courts are required to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Because "[t]he purpose of the sentencing guidelines is to eliminate disparities among sentences nationwide," *United States v. Franklin*, 785 F.3d 1365, 1371 (10th Cir. 2015) (internal quotation marks omitted), when a district court "correctly calculate[s] and carefully review[s] the Guidelines range, [it] necessarily [gives] significant weight and consideration to the need to avoid unwarranted disparities," *Gall*, 552 U.S. at 59. "Neither the Supreme Court nor our court has ever suggested that use of the guidelines can create a nationwide disparity in sentences involving similarly situated offenders." *Franklin*, 785 F.3d at 1371. Rather, "[a] sentence within a Guideline[s] range 'necessarily' complies with § 3553(a)(6)." *Id.* (quoting *United States v. Bartlett*, 567 F.3d 901, 908 (7th Cir. 2009)).

Here, as discussed, the district court imposed a sentence within the Guidelines range, and Mr. Fowler does not challenge the calculation of his sentence. Instead,

11

Mr. Fowler argues that his 624-month sentence will create unwarranted disparities with similarly situated defendants. He fails to overcome the presumption that his within-Guidelines sentence is substantively reasonable and cannot result in a disparity.

As an initial matter, Mr. Fowler did not provide the district court with the statistics and cases he provides on appeal to argue there is a sentencing disparity. *See* ROA Vol. I at 235–45 (sentencing memorandum). A sentencing court cannot abuse its discretion by failing to consider information not before it at sentencing. *See Verlo v. Martinez*, 820 F.3d 1113, 1125 (10th Cir. 2016) ("We will not hold that the district court abused its discretion based on evidence not before it when it ruled."). But even examining Mr. Fowler's sources, they do not establish the district court created an unwarranted sentencing disparity. *See Franklin*, 785 F.3d at 1372–73 (considering new citations as to potential sentencing disparities on appeal).

First, Mr. Fowler presents statistics on the mean sentences for kidnapping compiled by the United States Sentencing Commission in fiscal years 2021 through 2023. Appellant's Br. at 31–33. According to the statistics, the mean sentence for kidnapping is between 168 and 201 months, with a median range between 124 and 168 months. *Id.* at 32. Mr. Fowler argues the gulf between these averages and his 624-month sentence creates an unwarranted disparity. But these bare statistics give us "little to gauge the similarities and differences between Mr. [Fowler] and the defendants in the" underlying cases. *Franklin*, 785 F.3d at 1372. Without the ability to compare information about the "offense levels, criminal histories, and specifics of

12

the offenses" underlying those kidnapping convictions, "we cannot ascertain whether the [] other sentences involved similar circumstances or, if they did, whether the disparities were warranted." *Id.* at 1373; *see also United States v. Lucero*, 130 F.4th 877, 890 (10th Cir. 2025) (McHugh, J., concurring) (discussing the relevance of statistics involving "defendants sentenced under the same Guideline with the same offense level [] and criminal history category").

Mr. Fowler's citations to published cases involving kidnapping convictions fare no better. The cases do not reveal the existence of an unwarranted disparity because none involve situations in which the defendant denied or deflected responsibility as he did, and most resulted in steep, within-Guidelines sentences such as Mr. Fowler's. *See United States v. Nelson*, 801 F. App'x 652, 666 (10th Cir. 2020) (affirming within-Guidelines sentence of 480 months for kidnapping that accounted for defendant's "history of serious mental illness" and "drug abuse"); *United States v. De Paz*, 200 F. App'x 791, 792 (10th Cir. 2006) (affirming mandatory minimum twenty-year sentence in kidnapping case in which defendant pleaded guilty with no information about nature of the offense); *United States v. Amaya-Vasquez*, 760 F. App'x 78, 80–81 (3d Cir. 2019) (affirming within-Guidelines sentence of twenty-four years for kidnapping); *United States v. Bryant*, 913 F.3d 783, 788–89 (8th Cir. 2019) (holding the within-Guidelines sentence of 360 months was presumptively reasonable).[3] And in the one case in which the court affirmed a significant downward

---

[3] Mr. Fowler also cites *United States v. Walker*, 137 F.3d 1217 (10th Cir. 1998) and provides the docket for the case, which contains the sentence. But

variance, the district court had extensively explained the defendant's documented mental health struggles and why those struggles merited a downward departure. *United States v. DeRusse*, 859 F.3d 1232, 1234, 1238–39 (10th Cir. 2017). Here, while Mr. Fowler's sentencing memorandum made a glancing reference to mental health struggles, he did not document serious and untreated mental health struggles as the defendant in *DeRusse* did.

Mr. Fowler provides no examples of kidnapping cases in which a defendant similarly denied responsibility and sought to place blame on the victim; factors the district court here relied on in determining that the § 3553(a) factors of deterrence, just punishment, and need to protect the public militated in favor of a sentence at the higher end of the Guidelines range. *See* ROA Vol. III at 402–05. Therefore, we cannot conclude that the district court abused its discretion in imposing the sentence. *See Franklin*, 785 F.3d at 1374.

---

because the case is a sufficiency-of-the-evidence appeal and not a sentencing appeal, there is no information provided about the defendant's criminal history category or the Guidelines range.

    *United States v. Sanders*, 708 F.3d 976, 993 (7th Cir. 2013) is not analogous as it involves a twenty-five-year mandatory minimum sentence based on the kidnapping of a minor during a foiled robbery. Similarly, *United States v. Dais*, 559 F. App'x 438, 440–41 (6th Cir. 2014) involves a kidnapping arising from a disputed drug transaction, and resulted in within-Guidelines sentences of 390 and 500 months.

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM Mr. Fowler's sentence.

Entered for the Court

Carolyn B. McHugh
Circuit Judge