**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4844**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVONNE HERNANDEZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Bruce H. Hendricks, District Judge.  (7:18-cr-00039-BHH-11)

Submitted:  August 13, 2020                    Decided:  August 24, 2020

Before MOTZ, KING, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Amy K. Raffaldt, LAW OFFICE OF AMY K. RAFFALDT, ESQ., Myrtle Beach, South Carolina, for Appellant.    Peter M. McCoy, Jr., United States Attorney, Leesa Washington, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivonne Hernandez pled guilty to conspiracy to possess with intent to distribute cocaine base, cocaine, methamphetamine, and heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and 846, and was sentenced to 120 months in prison. Hernandez asserts that the district court erroneously adopted her presentence report (PSR) in totality without making any factual based ruling on her objection to the PSR's references to her as "Water[.]"[1] Hernandez also asserts that her sentence is both procedurally and substantively unreasonable because she argues the district court erroneously applied a four-level role enhancement to her offense level, which barred her from qualifying for the safety valve, a mitigating role reduction, and other time credits, and that her sentence is unreasonable under the 18 U.S.C. § 3553(a) factors. We reject Hernandez's arguments and affirm.

We "review a sentence for reasonableness 'under a deferential abuse-of-discretion standard[,]'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), and review unpreserved, nonstructural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010). In reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as "failing to calculate (or improperly calculating) the [Sentencing] Guidelines range, treating the Guidelines as mandatory, failing to consider

---

[1] A law enforcement officer testified at Hernandez's sentencing hearing that "Water" is a slang term for methamphetamine.

2

the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" *United States v. Lymas*, 781 F.3d 106, 111-12 (4th Cir. 2015) (quoting *Gall*, 552 U.S. at 51); *see United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). When rendering a sentence, the district must make an individualized assessment based on the facts presented, state in open court the reasons supporting its chosen sentence, and address the parties' nonfrivolous arguments in favor of a particular sentence and, if it rejects them, explain why in a manner allowing for meaningful appellate review. *Provance*, 944 F.3d at 218.

If the sentence is procedurally sound, we then review the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. Substantive reasonableness review "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

We first reject Hernandez's suggestion that her sentence is infirm because the district court did not expressly render a factual based ruling on her objection to the PSR's references to her as "Water[.]" Under Fed. R. Crim. P. 32(i)(3)(B), a district court at sentencing "must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]" "The purpose of this rule is to ensure that a record is made as to how the district court ruled on any alleged inaccuracy in the PSR and thereby to allow

effective appellate review of the sentence imposed." *United States v. Walker*, 29 F.3d 908, 911 (4th Cir. 1994) (internal citation omitted). To comply with this Rule, however, a district court "need not articulate [findings] as to disputed factual allegations with minute specificity." *United States v. Bolden*, 325 F.3d 471, 497 (4th Cir. 2003) (internal quotation marks and brackets omitted). Nor is it required that the court separately recite its finding as to each controverted matter. *United States v. Morgan*, 942 F.2d 243, 245 (4th Cir. 1991). Instead, "[i]t is . . . adequate . . . for the sentencing court to adopt the findings contained in the PSR, provided the court makes clear which disputed issues were resolved by its adoption." *Walker*, 29 F.3d at 911.

Although Hernandez insists that her sentence should be vacated under Rule 32(i)(3)(B) because the district court failed to exclude from her PSR any reference to her as "Water[,]" Hernandez did not object to the district court's failure to comply with Rule 32 when the court adopted the PSR's findings and calculations. We thus review this assignment of error only for plain error. *See United States v. Cook*, 550 F.3d 1292, 1297-98 (10th Cir. 2008) (reviewing assignment of error pertaining to the district court's failure to resolve factual objections to the PSR for plain error where the "[d]efendant did not raise his dissatisfaction with the adequacy of the district court's explanation until this appeal"). Under plain error review, we may notice an "error that was not preserved by timely objection only if the defendant can demonstrate (1) that an error occurred, (2) that it was plain error, and (3) that the error was material or affected the defendant's substantial rights." *United States v. Martinez*, 277 F.3d 517, 524 (4th Cir. 2002). "Even when these three conditions are satisfied," however, "we retain discretion whether to

4

correct the error, which we should exercise only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

We discern no reversible error by the district court. A review of the record confirms that the district court expressly sustained Hernandez's objection to the "Water" references, but then later merely misstated its ruling on the record when it adopted the PSR. But while the district court may have erred when it adopted the PSR with the "Water" references intact, there is no indication the district court relied on the references in determining Hernandez's sentence; to the contrary, the record indicates that the court declined to attribute the nickname to Hernandez. And while the court's subsequent statement regarding the objection did not accurately reflect its actual intention, nothing suggests that the PSR's relatively few "Water" references or the court's misstatement— which was uttered during a lengthy sentencing hearing and just prior to the court's thorough statement of reasoning for the imposed sentence—had any impact on Hernandez's sentence.

Based on the foregoing, and considering that the district court expressly indicated that it believed it correctly addressed all of the various points that had been raised and would have imposed the same sentence if it did not, Hernandez cannot establish that the court's misstatement or the PSR's "Water" references affected her substantial rights. *United States v. Ramirez-Castillo*, 748 F.3d 205, 215 (4th Cir. 2014) ("[T]he phrase 'affects substantial rights' in most cases means that the error must have been

5

prejudicial—that is, it must have affected the outcome of the district court proceedings." (internal quotation marks and brackets omitted)).

We also reject Hernandez's assertion that the district court erred when it enhanced her offense level based on her leadership role in the conspiracy. Under U. S. Sentencing Guidelines Manual (USSG) § 3B1.1, a four-level increase to a defendant's offense level is warranted if the defendant was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive[.]" When deciding whether a defendant played a leadership or organizational role, a sentencing court considers: (1) the exercise of decision-making authority; (2) the nature of the participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. USSG § 3B1.1 cmt. n.4. While the criminal activity must have involved five or more participants for the role enhancement to apply, the defendant need only have organized or led one other participant. *See* USSG § 3B1.1 cmt. n.2; *see also United States v. Thorson*, 633 F.3d 312, 318 (4th Cir. 2011) ("Application Note 2 [to USSG § 3B1.1] adds that the defendant need not be an organizer or leader of all of the participants involved in the criminal activity so long as he was an organizer or leader of one or more other participants." (internal quotation marks omitted)).

The determination of whether a defendant is deserving of an aggravating role enhancement is primarily a factual one. *See id.* at 318-20. We review a district court's

6

factual findings underlying application of a role enhancement for clear error, *United States v. Wolf*, 860 F.3d 175, 196 (4th Cir. 2017), which we will find only if we are "left with the definite and firm conviction that a mistake has been committed[,]" *United States v. Cox*, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks omitted). In fact, we "may not reverse a lower court's finding of fact simply because [we] would have decided the case differently." *United States v. Wooden*, 693 F.3d 440, 451 (4th Cir. 2012) (internal quotation marks omitted). And "[w]hen reviewing factual findings for clear error, we particularly defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility[.]" *United States v. Palmer*, 820 F.3d 640, 653 (4th Cir. 2016) (internal quotation marks and brackets omitted).

We find that the district court did not err, let alone clearly err, when it increased Hernandez's offense level based on her leadership role in the conspiracy of which she was convicted. Hernandez's assertions to the contrary, the district court correctly observed that the evidence presented at sentencing, as well as the evidence compiled in her PSR, amply demonstrated that Hernandez was one of the leaders in the drug conspiracy and was, in fact, a drug supplier for the conspiracy. For instance, the evidence presented adequately established that Hernandez orchestrated and facilitated the drug transactions, she had various sources for the drugs and would arrange for delivery and negotiate the prices for the drugs, she controlled the method and locations of deliveries and personally ensured the quality of the purchased product, and she even arranged to provide a coconspirator a test sample of the drugs before he decided whether

7

to purchase the product. We thus discern no error in the district court's decision to enhance Hernandez's base offense level based on her leadership role in the conspiracy to which she pled guilty.[2] This is especially true since the district court made it abundantly clear that it would have imposed the same 120-month sentence even if it had miscalculated Hernandez's Guidelines range. *See* Fed. R. Crim. P. 52(a); *United States v. Johnson*, 617 F.3d 286, 292 (4th Cir. 2010) (recognizing that, in order to find a district court's error harmless, we "need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error" (internal quotation marks omitted)); *see also United States v. Savillon-Matute*, 636 F.3d 119, 123 (4th Cir. 2011) ("[I]t would make no sense to set aside a reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence[.]" (internal quotation marks omitted)).

---

[2] Because we find no error in the court's decision to apply the four-level role enhancement, we also reject Hernandez's arguments that she was: (1) entitled to application of the safety valve, *see* 18 U.S.C. § 3553(f)(4) (providing that a defendant may be eligible to be sentenced below the statutory mandatory minimum sentence if, among other criteria, she "was not an organizer, leader, manager, or supervisor of others in the offense"); USSG § 5C1.2(a)(4) (same); (2) eligible for a minor role reduction to her offense level, *see* USSG § 3B1.2 cmt. n.3(A) (allowing a downward offense level adjustment "for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant"); or (3) eligible for enhanced time credits under the First Step Act of 2018, *see* 18 U.S.C. § 3632(d)(4)(D) (providing that a defendant convicted under The Controlled Substances Act who received a role enhancement under USSG § 3B1.1 is ineligible for additional time credit opportunity).

8

Hernandez's sentence, which is 15 months below the bottom of her properly calculated Guidelines range, is thus entitled to a presumption of reasonableness, which Hernandez may rebut only if she establishes that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). In this regard, a district court is required to impose a sentence that: reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense, affords adequate deterrence to criminal conduct, protects the public from further crimes of the defendant, and gives the defendant needed treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court must also ensure that the sentence accounts for the nature of the offense and the defendant's history and characteristics, the kinds of sentences legally available, the advisory Guidelines range, any relevant policy statements from the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need for restitution. 18 U.S.C. § 3553(a)(1), (3)-(7).

Contrary to Hernandez's assertions, the district court discussed her history and characteristics when it detailed Hernandez's family members and the support they provided her, as well as Hernandez's intelligence and potential to succeed while incarcerated. The court also expressly credited Hernandez's lack of a criminal history, but also acknowledged that, while Hernandez could have done something different with her life, she did not and was now going to have to face the consequences. Moreover, this court, along with numerous other circuits, have recognized that § 3553(a)(6) (requiring a district court to "avoid unwarranted sentence disparities among defendants with similar

records who have been found guilty of similar conduct") is aimed at eliminating national sentencing disparities, not disparities between codefendants. *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996); *see also United States v. Simmons*, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases). In any event, the district court here specifically addressed Hernandez's arguments concerning the culpability of her codefendants and made it clear it was fully aware that Hernandez's participation in the conspiracy differed from that of some of her codefendants.

We further find that the district court was well within its discretion to fashion an appropriate sentence based on Hernandez's non-existent criminal history, the seriousness of the offense, her successful maintenance of family ties and responsibilities, and the need to impose a just punishment and promote respect for the law. *See Nance*, 957 F.3d at 215 ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors[.]" (internal quotation marks omitted)). Accordingly, we defer to the district court's decision to impose the statutorily mandated minimum sentence applicable to Hernandez's conviction. *See United States v. Spencer*, 848 F.3d 324, 327 (4th Cir. 2017) ("[B]ecause district courts are in a superior position to find facts and judge their import, all sentencing decisions—whether inside, just outside, or significantly outside the Guidelines range—are entitled to due deference." (internal quotation marks omitted)); *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (recognizing that, even if this court would have imposed a different sentence, this fact alone will not justify vacatur of the district court's sentence).

Based on the foregoing, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

11